PAUL L. PASSMORE, APPELLANT, V. JOYCE H. PASSMORE, APPELLEE.

14 N. W. 2d 670

FILED MAY 26, 1944. No. 31764.

*George J. Marshall* and *Leon L. Hines,* for appellant.

*Victor Westermark, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

By this appeal a husband seeks a reduction of permanent alimony granted the wife, and a modification of the conditions affecting the custody of an infant son and visitation accorded him. We affirm the judgment of the trial court.

Plaintiff sued his wife for divorce. The wife filed an answer and cross-petition. Trial was had. The court denied the plaintiff's petition and granted the defendant a divorce on her cross-petition. He awarded the defendant $1,500 in permanent alimony, payable $100 on the date of the decree, $100 the month following, and $30 a month thereafter until the total sum was paid. The court awarded the care, custody and control of the infant son of the parties to the defendant, awarded $15 a month as support money, payable until the child became 18 years of age, or until further order of the court, and provided that "plaintiff shall have permission to visit child on convenient and proper occasions during daylight hours, but not to remove said child or attempt to remove said child from the custody and control of defendant nor in any way to intrude himself on defendant's presence."

Plaintiff complains here only as to the award of $1,500 permanent alimony and the above quoted conditions under which he may visit the child. Accordingly, a statement of the evidence upon which the court granted the divorce is not required. Plaintiff testified in his own behalf, but offered no corroborating evidence. Defendant testified in her

own behalf and offered corroborating evidence. The evidence is ample to sustain the decree.

The parties were married May 20, 1940. The child was born September 25, 1942, and was 13 months old at the time of the trial and decree. The parties separated in May, 1943. The evidence as to the amount and value of the property of the plaintiff and his income was furnished almost entirely by the plaintiff. The plaintiff was engaged in the dairy and farming business with his father, in what appeared to be an equal partnership, at least as to a division of net income. The plaintiff testified that all records were kept by the father, title to the property was in the father, the bank account was in the name of the father. No records were produced. The products of the rented farm were used in part in the dairy business and in part sold. Plaintiff, while admitting a gross income to the partnership of from $4,500 to $5,000 a year, submitted no definite figures of expenses and stated his own annual income at $740, although in his petition he alleged an income of "about $75.00 per month." Apparently in determining his income, no credit was given for living quarters, provisions and such matters, which it may be assumed were in addition to the amount so shown. Plaintiff testified to the ownership of personal property, the value of which he stated in his petition to be "about $400.00." While on the witness stand, he fixed it at a lesser amount. He testified that he did not know how much money was in the bank, nor his net of the bank account. He testified that when the parties were married, plaintiff had $500, which he put into the cost of a house; and that his wife put in $42.35. The wife testified she put in $197 or $198. The father loaned them $685.04. The house was built on land, title to which was then and remained in the father. The plaintiff testified that he owed his father $500 on the house at the time of the trial, and that it was then worth $1,400. It is quite apparent that he did not make a full and complete disclosure of his property or his income to the trial court.

The defendant testified that plaintiff refused to advise

her as to the standing of his financial accounts with the father, but plaintiff did tell her that the debt on the house was paid. After the marriage, defendant worked in the dairy, along with the plaintiff. The value of her services went to the partnership business. Before the child was born, she returned for a short time to her profession as a nurse, contributing her earnings to the family expenses. Defendant, while in good health when married, is not now in good health. Plaintiff is in good health, able to work and earning a substantial income.

Section 42-318, Comp. St. 1929, provides: "Upon every divorce from the bonds of matrimony for any cause excepting that of adultery committed by the wife, and also upon every divorce from bed and board, from any cause, if the estate and effects restored or awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." The amount of alimony, if any, to be awarded, must be determined from the facts and circumstances of each case. The trial court had the opportunity to study the witnesses and to determine what evidence to believe and what to disbelieve. No good purpose will be served by attempting to draw a pattern from our previous decisions and then to fit this case into that pattern. Prior decisions may guide but do not control for the obvious reason that the same "circumstances" do not exist in any two cases. Plaintiff's position here is that the alimony judgment should be limited to a part of his disclosed property holdings. Plaintiff's age, his health, his ability to earn are also to be considered. The trial court clearly considered all these matters. Its judgment will not be disturbed on appeal, unless good cause is shown. It does not appear here.

Likewise, we find no merit in plaintiff's complaint against the provisions of the decree as to visiting his child. In determining the conditions under which a parent may visit the child of divorced parties, the age, health and best interest of the child are to be considered, as is also the convenience of the parent having custody. At the time the decree was entered, the child was a babe in arms of an age requiring constant attention, care and adequate rest. Plaintiff does not complain that he cannot visit the child under the terms of the order. He makes no complaint that the defendant has in anywise prevented him from visiting his child. The mother's convenience must also be considered. The requirements of the order are not shown to be unreasonable, nor to work a hardship on plaintiff. The order of the trial court as to visitation privileges will not be disturbed on appeal in the absence of a showing that it is unreasonable. The order, of course, is subject to revision by the trial court upon proper showing.

The judgment of the trial court is affirmed.

AFFIRMED.