SOPHIA KRENZER, APPELLANT, V. RUSSELL C. KRENZER, APPELLEE.

18 N. W. 2d 244

FILED MARCH 30, 1945. No. 31817.

*Gross & Crawford* and *Harry L. Welch,* for appellant.

*Eugene D. O'Sullivan* and *Arthur J. Whalen, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

In this action plaintiff received a decree granting her an absolute divorce and certain real and personal property in lieu of alimony. Plaintiff appeals, seeking an additional award and attorney's fees. We affirm the judgment of the trial court.

The parties are in agreement that they were married May 22, 1940; that both had been married before; that plaintiff had a son by her prior marriage; that defendant had no children; that both were gainfully employed before the marriage and continued to work and earn thereafter; that

no children were born of the marriage; and that at the time of the marriage plaintiff was the owner of $2,400 in postal savings and $1,000 in government bonds, and defendant was the owner of some articles of household furnishings and woodworking tools. The domestic difficulties of the parties seem to stem from difficulties over money. That controversy persists in this appeal.

After the marriage, defendant delivered a substantial part of his earnings each week to the plaintiff. He testified $20, or more. She testified $20, or less. Plaintiff thereafter handled the fund so received, together with her own earnings. Plaintiff claims she paid all the bills, defendant claims he paid some of them.

Shortly after the marriage, the parties bought a small, furnished house in Omaha for $3,125. Of that price, $2,425 was paid by the use of plaintiff's savings and $700 was borrowed and repaid in installments out of the joint earnings controlled by plaintiff. The house was fully paid for when this action was tried. The parties are in dispute as to how much each contributed to the repayment of the $700 loan. Substantial improvements were made to the house, the parties not agreeing as to who paid for some material items, but agreeing that defendant did the work. Defendant placed in the home his articles of furniture and tools. Other items for the house were purchased by defendant from time to time.

Each of the parties purchased small denomination war savings bonds, either by direct purchase or pay roll withholding.

After the debt for the home had been paid, the savings from the current earnings were divided equally and invested in postal savings in the name of the individual. A substantial back payment received by the plaintiff was placed in postal savings certificates in her own name.

The trial court, in lieu of alimony, and attorney's fees, awarded the plaintiff the dwelling and lot on which it was situated, the furniture in the house when it was purchased and that purchased during the period of the marriage, the

bonds which she owned prior to her marriage, those purchased by her during the period of the marriage, and the postal savings certificates that were in her name.

Defendant was awarded his tools and woodworking machinery, the furniture, etc., which he owned prior to the marriage and brought into the home, and his postal savings and war savings bonds purchased by him. Each party was awarded his personal effects.

Plaintiff had been awarded some attorney's fees at the beginning of the action. No further attorney's fees were allowed.

Plaintiff seeks here an additional award of at least $750 in alimony, attorney's fees for services in both the trial and this court, and for her costs. This is a request for an award of substantially more than the present value of all bonds and postal savings awarded defendant. In short, plaintiff seeks a decree granting her all her own property, all the joint accumulations of the parties during their married life, and more.

The rule is: "The judgment of the trial court fixing the amount of alimony will not be disturbed on appeal unless good cause is shown." *Passmore v. Passmore,* 144 Neb. 775, 14 N. W. 2d 670.

We see no good reason for disturbing the judgment of the trial court. The amount of the award to the plaintiff was such that she has no basis for complaint.

On motion, the trial court allowed plaintiff the costs of the transcript and docket fee in this court. On motion, this court allowed plaintiff $130 for the cost of the bill of exceptions and briefs. These allowances are not disturbed. The plaintiff is denied additional attorney's fees and costs.

The decree of the trial court is affirmed.

AFFIRMED.