DONNA MAE GROTHENDICK, ALSO KNOWN AS DONNA MAE MORELAND, APPELLANT, v. DONALD M. GROTHENDICK, APPELLEE.

123 N. W. 2d 646

Filed October 11, 1963. No. 35396.

Kelley, Grant & Costello, for appellant.

White, Lipp, Simon & Powers, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is a proceeding to modify or change the part of a decree of divorce relating to the custody of two minor children of the plaintiff, who is appellant here, and the defendant, who is appellee here, in an action in the district court for Douglas County, Nebraska. The plaintiff instituted the action for divorce but the record here fails to disclose to which of the parties the decree awarded the divorce. The decree has not come to this court as a part of the record.

The proceeding here was instituted by the plaintiff by the filing on May 23, 1962, of a petition in that action in which she declared that the parties were divorced on December 4, 1959; that the defendant was awarded custody of the two children; that on June 17, 1960, the court on its own motion placed the children in the custody of the district court, and at that time placed them in possession of the plaintiff; that on November 21, 1960, the custody was continued in the district court but it was provided that possession be given to a boarding home approved by the court for 6 months or less; that on September 15, 1961, erroneously stated in the petition as August 16, 1961, on motion of the plaintiff to modify the previous order with reference to custody and to grant it to plaintiff, custody was instead awarded to the defendant; and that possession was awarded to the parents of defendant until the further order of the court, with permission to the plaintiff to visit them on the fourth Sunday of each month between the hours of 1 p.m. and 7:30 p.m. The prayer was for modification of the previous award by granting custody to her. To this petition the defendant, on June 25, 1962, filed a general denial.

On June 29, 1962, the defendant filed an applica-

tion for a grant of right to remove the children under his custody to the State of Colorado.

A hearing was had on the petition of plaintiff and the application of defendant, and an order was entered granting full custody of the children to the defendant with right to remove them to his home in the State of Colorado.

At the hearing evidence was adduced on behalf of both parties but from it all and the transcript, there is nothing whatever which discloses a reason for the original decree or the modifications subsequent thereto and prior to the order involved here.

At the hearing involved here the fitness of the parties did not become the subject of inquiry. The only real subjects of inquiry on this hearing were the suitability of environment which could be provided respectively by the parties, the desires of the children, and impairment of rights of visitation by the plaintiff in the case of an award such as was granted by the court.

There could not in reality be anything said unfavorably as to the respective environments offered, and also there was nothing, which if the opportunity was afforded, from which an inference flowed that the offers would not be fulfilled.

The record discloses that the children desired the result which was accomplished by the order which was entered. This information came from the children.

The rights of visitation were presented and remarked upon by the trial judge at the hearing involved here as is disclosed by the record, and in the light of this in effect he concluded by the order that the impairment of the rights of visitation was not sufficient to defeat the right of custody of the children in the defendant and their removal to Colorado.

It may be well observed here that it must be presumed that the earlier award of custody to the defendant was predicated upon information sustaining its propriety.

On the question of change of custody and mainte-

nance of children after a decree has been rendered, section 42-312, R. R. S. 1943, provides: "If the circumstance's of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." See, also, Waldbaum v. Waldbaum, 171 Neb. 625, 107 N. W. 2d 407; Jones v. Jones, 173 Neb. 880, 115 N. W. 2d 462.

The only substantial change made by the order from which the appeal is taken here is that the full and unqualified custody of these children is granted to the defendant and he is permitted to remove them to the State of Colorado.

A probable practical effect, as the court recognized, was to deprive the plaintiff of monthly visitation. This right has not been denied but distance would in probability deprive her of these opportunities.

The district court heard the parties testify and in the very nature of things had the opportunity to make observation which opportunity, also in the nature of things, is denied to this court, and in this light in its discretion made this order. In all of this there is nothing to justify an adjudication that it abused its discretion or violated its duty, or that the action was unreasonable. In the light of this no basis exists for a reversal of the action of the district court. See Passmore v. Passmore, 144 Neb. 775, 14 N. W. 2d 670.

The judgment of the district court is therefore affirmed.

AFFIRMED.