MARILYN JANE STINEHAGEN, APPELLANT, V. GERALD LEE STINEHAGEN, APPELLEE.

143 N. W. 2d 914

Filed July 8, 1966. No. 36254.

Crosby, Pansing, Guenzel & Binning, Lawrence R. Reger, and Donn E. Davis, for appellant.

John McArthur, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and SCHEELE, District Judge.

CARTER, J.

This is a proceeding to modify the provisions of a divorce decree relating to the custody of a minor child of the parties.

The plaintiff, now Marilyn Jones, filed a petition for modification of the divorce decree on August 4, 1965, in which she alleged that the parties were divorced on August 6, 1955. The custody of the minor son, Joseph Scott Stinehagen, was divided between the parties. By the decree of divorce, plaintiff was awarded the custody of the child from April to November of each year and the defendant was awarded his custody from each December to the March following. By mutual agreement the parties permitted the son to remain with his mother during the school year and with his father during the summer months. The mother was awarded $60 per month for the support of the child, which has been paid regularly. Both parties have remarried since the divorce decree was entered.

The parties reside in Lincoln, their homes being about one mile apart. They have had the divided custody of the child in accordance with their mutual understanding. The child has visited his parents almost as he chose. The custody of the child has been harmoniously carried on by the parents and to the best interests of the child, who at the time of the hearing to modify the decree was 11½ years of age. The homes of the parties are very satisfactory and the conduct of both parties is exemplary. The existing situation has been for the best interests of the minor son from the standpoint of his physical, educational, and religious welfare, as well as his home environment.

The plaintiff has been employed as secretary to the base commander of the Lincoln Air Force Base at an

annual salary of $6,155. The government has ordered the closing of the base, which is expected to be completed the latter part of June 1966. A program has been set up by the federal government to provide employment at the same salary for certain civilian employees in civil service, of which plaintiff is one, whose positions are lost by base closings. Plaintiff alleges that it is possible she may be required to leave Lancaster County in order to protect her employment rights. Plaintiff, at the time of hearing, had not applied for the benefits of the program. Consequently, the location of her anticipated future employment was unknown at the time of hearing.

The trial court denied the application, and provided that the custody of the minor son should be with the defendant during the school year and with the plaintiff during the summer months if plaintiff should be required to accept employment outside of Lancaster County. The trial court increased the child support from $60 to $80 per month, to which no objection has been made.

The evidence shows that the divided custody of the minor child has worked out very well. Each of the parties has great affection for the child. The court in effect found that the best interests of the child require the continuance of the arrangement, and if the plaintiff is required to leave Lancaster County the decree should be modified to place the custody of the child with the father during the school year and with the mother during the summer months. Whether or not the mother would be required to leave Lancaster County, or where she would go if she did, was not known at the time of the hearing. The court evidently concluded that without this information the effect upon defendant's rights could not be determined and the right of the mother to take the child from the jurisdiction of the court under such uncertain circumstances is not justified. The question of whether or not a decree of child custody should be modified to permit the removal

of the child from the jurisdiction of the court is dependent upon all the attendant circumstances. Where the evidence does not show where the child is to be taken, nor the effect upon the defendant's right to partial custody and the right of visitation, the refusal of the court to make a general authorization to remove the child is not unreasonable. This court has in the past permitted the removal of minor children where the best interests of the child require it and when the place of removal and the reasons for the removal establish the necessity therefor. But where the evidence is uncertain as to the place of removal, or whether or not a removal will be made, the trial court may properly refuse such a modification until the necessity for the removal of the child becomes real and not speculative. The right of the defendant to partial custody and his rights of visitation appear superior to the right of plaintiff to remove the child to some unknown place at some unknown time. It is only when the necessity for a removal of a child from the jurisdiction of the court outweighs the rights of the opposing party that a modification of the decree to accomplish such purpose will be made. We think the speculative evidence of the plaintiff in this case and the evidence of the defendant are sufficient to support the modification order entered by the trial court.

Unless a valid reason exists at the time of the hearing for removal of a child from the jurisdiction of the court, the removal should not be permitted. Otherwise the general policy of keeping the minor child within the court's jurisdiction is not overcome. See Crandall v. Luhnow, 137 Neb. 13, 288 N. W. 29. We find nothing to indicate that the trial court abused its discretion or acted unreasonably in disposing of the issue as it did. Grothendick v. Grothendick, 175 Neb. 726, 123 N. W. 2d 646. No basis therefore exists for disturbing the action of the trial court under the evidence in the record.

AFFIRMED.