LIDA MAE SCHUMAN, APPELLANT, V. GEORGE F. SCHUMAN,
APPELLEE.

192 N. W. 2d 150

Filed December 3, 1971. No. 37980.

Holtorf, Hansen, Kortum & Kovarik and David C.
Nuttleman, for appellant.

Atkins, Ferguson, Nichols and Hahn, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a divorce action in which the only question
presented is the propriety of the property settlement
awarded to plaintiff by the court. We affirm the judg-
ment of the district court.

Plaintiff and defendant were married on December 30,
1963, and separated on May 27, 1970. Defendant was
a farmer 61 years of age at the time of the divorce hear-
ing and had been previously married. It was plain-
tiff's third marriage and she had two grown sons by a
former marriage. At the time of the marriage, plaintiff
had assets consisting of a checking account in the sum
of $715.59, a certificate of deposit of $10,000, a savings
account of $7,080, indebtedness due her from her son
Graham Darnell in the sum of $5,000, and a farm sub-
sequently sold for $26,000, totaling $48,795.59. She made
further loans to her sons and at the time of the divorce
hearing, they owed her respectively $17,500 and $7,000.
She had during the marriage made gifts to her sons. One
received a credit on his indebtedness of $10,000, reducing
it to the $7,000 balance mentioned, and the other received

$10,000 in cash. She had cashed certificates of deposit in May 1970. Out of this she made the $17,500 loan to one son. Her assets, including gifts to her sons, totaled $44,500. All of this property was awarded to her and, in addition, she received monthly support totaling $1,466 and a judgment for $11,000 made a lien on defendant's farm. Under the decree, she has received, including the gifts to her sons, the sum of $56,966, together with minor items of personal property.

At the time of the marriage, defendant owned a 160-acre farm, a bank account of $250, an account receivable of $500, cattle and grain of the value of $15,310, machinery, a horse, and equipment of the value of $9,860, and owed a bank note of $1,000. These assets, less the indebtedness and farm value, amounted to $25,170. At the time of the divorce, he had a bank account of $3,206.42, certificates of deposit of $10,000, cattle and grain valued at $10,753.75, a horse, equipment, and machinery valued at $6,640, or personalty amounting to $30,600.17. In addition, he had the farm the value of which was enhanced by improvements erected or installed during the marriage in the sum of $9,000. The farm, without the improvements, was valued at $23,000. Value of the farm at the time of the marriage does not appear but assuming it was the same, or $23,000, his total assets when married were of the value of $48,170, and when divorced, $62,600.17. The judgment lien on the farm would reduce these assets to $51,600.17.

It appears that plaintiff has received all of the assets she had at the time of her marriage, and, in addition, has received other assets of a value in excess of $8,000. "The judgment of the trial court fixing the amount of alimony will not be disturbed on appeal unless good cause is shown." Passmore v. Passmore, 144 Neb. 775, 14 N. W. 2d 670.

We are of the opinion that plaintiff has been fairly dealt with and that the judgment of the district court

should be affirmed. The allowance of an attorney's fee has not been requested and none is allowed.

AFFIRMED.