CHADWICK *v.* CHADWICK.

1. DIVORCE—ILLICIT RELATIONS—NONSUPPORT—EVIDENCE.
    Decree.of divorce granted upon charges of nonsupport, extreme cruelty and illicit relations is affirmed notwithstanding ques tions raised as to admissibility of evidence of illicit relations where evidence as to nonsupport is sufficient alone to justify decree.

2. SAME—DIVISION OF PROPERTY—TRUSTS—MODIFICATION OF DECREE.
    Award of property to wife, also given custody of children, is modified to award her the same as permanent alimony without trust qualifications for period until youngest should reach age of 17, where estate is heavily incumbered.

3. SAME—INFANTS—CUSTODY—WELFARE OF CHILD.
    A child of divorced parents is a ward of the court and in pro viding for its care, custody, maintenance and education, the paramount consideration is its welfare, to which the personal rights and desires of the parents and even the wishes of the child must yield.

4. SAME—ACCESS TO CHILDREN—NATURE OF RIGHT.
    Right of parent to access to child is an important, but not an absolute, right and one which must yield to the good of the child.

5. SAME—ACCESS TO CHILDREN—TIME AND PLACE OF VISITS.
    A trial court in rendering a decree of divorce should fix the time and place of visits of parent denied custody of children (3 Comp. Laws 1929, § 12739).

6. SAME—ACCESS TO CHILDREN—MODIFICATION OF DECREE.
    Decree, limiting father's right of access to three children to such reasonable times and places as were mutually agreeable to the parents, is modified on appeal to permit him to visit them from 1 to 4 p. m. on first Sunday of each calendar month, subject to change by trial court as future circumstances may require (3 Comp. Laws 1929, § 12739).

Appeal from Washtenaw; Sample (George W.), J. Submitted January 15, 1936. (Docket No. 80, Calendar No. 38,626.) Decided April 6, 1936.

Bill by Ruth Helen Chadwick against Clifton W. Chadwick for a divorce. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*William M. Laird,* for plaintiff.

*Carl H. Stuhrberg,* for defendant.

BUSHNELL, J. This appeal is from a decree of divorce granted plaintiff upon charges of nonsupport, extreme cruelty and illicit relations. Considerable property of disputed value is involved, which the trial court divided between the parties, having in mind the needs of their three minor children.

Appellant questions the admissibility of certain testimony of plaintiff, tending to support the charge of illicit relations, which, if disregarded entirely, still leaves sufficient factual basis for the divorce decree upon the ground of nonsupport.

We are not inclined to substitute our views for those of the trial judge so far as the division of the property is concerned, nor do we feel that we can arrive at any better result. The court below aptly characterized the financial situation as a "bankrupt estate" and attempted to preserve a part of what might still be saved for the benefit of the children.

However, we do not feel that the property awarded to Mrs. Chadwick should be incumbered with a trust. The decree stated that the trust should continue until the minor children shall respectively

attain the age of 17. This real estate and the map business heretofore conducted by the defendant should be awarded to her as permanent alimony without any trust qualifications whatever and the decree below is so modified.

Despite our concurrence with the findings of the court, either in whole or in part, as to the material facts charged in the bill, we do not agree with the following:

"It is further ordered, adjudged and decreed that the said defendant, Clifton W. Chadwick, on account of his past misconduct and immorality, may have the privilege of visiting said children only at such reasonable times and places as may be mutually agreeable to the parties hereto, but that he shall have the right to communicate with them by letter without interference on the part of the plaintiff."

Notwithstanding defendant's present incarceration, as the result of a criminal conviction, the law does not preclude repentance, reformation and forgiveness.

Furthermore, 3 Comp. Laws 1929, § 12739, provides that:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require."

The court should have exercised its statutory power to fix the time and place of the visits and in the future whenever circumstances require, upon proper proof, may change the conditions thereof.

"The rule is universal that a child of divorced parents is a ward of the court and that, in providing

for its care, custody, maintenance, and education, the paramount consideration shall be its welfare. To that welfare, the claims and personal rights and desires of the parents and even the wishes of the child must yield. *Corrie* v. *Corrie,* 42 Mich. 509; *Weiss* v. *Weiss,* 174 Mich. 431; 19 C. J. p. 345, and cases in note. * * *

"Access to the child by the parent denied custody is an important right. * * * That privilege is not an absolute right but one which must yield to the good of the child. *Waldref* v. *Waldref,* 135 Minn. 473 (159 N. W. 1068); *Bedolfe* v. *Bedolfe,* 71 Wash. 60 (127 Pac. 594); 19 C. J. p. 348. Its feasible exercise should be safeguarded by the decree, but only to the extent it may be done without opposing the best interest of the child." *Kane* v. *Kane,* 241 Mich. 96.

In *Schell* v. *Schell,* 257 Mich. 85, we modified a divorce decree because of what we believed to be a harsh and unusual restriction upon a parent's right of visitation.

In the instant case the language of the decree leaves too much to whim and caprice. It should be modified, made clear and explicit on this question. The defendant may visit his minor children between the hours of 1 p. m. and 4 p. m. on the first Sunday of each calendar month unless the trial court may change the conditions of such visits in the future should circumstances require. With the foregoing modifications, the decree is affirmed, with costs to appellee.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.