CAROL J. (WHITTED) BRISBY, APPELLANT, v. DANIEL B. WHITTED, APPELLEE.

207 N. W. 2d 697

Filed June 1, 1973. No. 38845.

Daniel D. Koukol and L. W. "Jim" Weber, for appellant.

John S. Samson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The parties were divorced on July 18, 1967. The plaintiff was awarded custody of the minor child of the parties, Daniel B. Whitted, Jr., referred to as Danny, and the defendant was granted reasonable visitation rights. Child support was fixed at $80 per month.

On February 23, 1972, the defendant filed a motion alleging that the plaintiff had denied him the right to visit Danny and requesting the trial court to fix definite times for visitation. The plaintiff filed an answer and petition to modify alleging the defendant was delinquent in his child support payments; there had been a change in circumstances; and requesting the defendant's visitation rights and child support payments be eliminated.

The trial court found both parties were in contempt; the defendant should not be denied visitation rights; and the defendant should be required to continue to support Danny and pay all delinquent installments of child support. The plaintiff appeals.

The evidence shows difficulty in regard to visitation developed in December 1971. The defendant had made very little effort to visit Danny, but the defendant's parents visited Danny frequently and sometimes took

Danny to visit his father. The plaintiff became concerned on several occasions when Danny's paternal grandparents failed to return Danny in accordance with the plaintiff's understanding of the arrangements. There is evidence that Danny was emotionally upset on several occasions after visiting with the grandparents.

The evidence does not support a finding that the plaintiff had denied the defendant reasonable rights of visitation with Danny. On several occasions the plaintiff did refuse last-minute requests to see Danny and on several occasions the defendant called late in the evening or when he was intoxicated.

In determining reasonable visitation rights, the best interests and welfare of the child are the primary consideration. His age, health, and need for stability and continuity in his home environment must be considered. Trautman v. Trautman, 184 Neb. 202, 166 N. W. 2d 415; Passmore v. Passmore, 144 Neb. 775, 14 N. W. 2d 670. Only in exceptional circumstances should the parent deprived of custody be totally denied any right of visitation. Syas v. Syas, 150 Neb. 533, 34 N. W. 2d 884.

The trial court ordered that the defendant have the right to visit Danny from noon to 6 p.m. on the first and third Sundays of each month; from 9 a.m. to 6 p.m. on the second and fourth Saturdays of each month; from 9 a.m. to 8 p.m. on Christmas and January 29 of each even-numbered year; from 9 a.m. to 8 p.m. on Easter and Thanksgiving of each odd-numbered year; and for a 30-day consecutive period in June, July, or August of each year. The trial court further ordered the plaintiff to deliver Danny to the home of the defendant's parents during the first 6 months of the year, and defendant's parents were ordered to pick up Danny during the last 6 months of the year on each occasion when the defendant had the right of visitation.

We think the trial court was correct in finding the defendant should not be deprived of all rights of visitation and should be required to comply with the terms

of the judgment concerning the support and mainte-
nance of Danny. The order fixing times of visitation,
however, is erroneous in several respects. The grand-
parents are not parties to the action and are not subject
to the jurisdiction of the court. That part of the order
requiring the grandparents to pick up Danny and re-
quiring the plaintiff to deliver Danny to the home of
the grandparents should be deleted.

The judgment should be modified to provide that until
the further order of the court the defendant's time for
visitation shall be from noon to 6 p.m. on the first and
third Sundays of each month. It is the defendant's re-
sponsibility to call for Danny at the home of the plaintiff
and to return Danny to the home of the plaintiff on
each occasion. Additional times for visitation shall be
by agreement of the parties.

The judgment of the District Court is affirmed except
as modified in this opinion. All costs are taxed to
the defendant. The plaintiff is allowed the sum of
$500 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.