STEVEN W. YOUNGBERG, APPELLEE, v. COLLEEN MARIE YOUNGBERG, APPELLANT.
227 N. W. 2d 396

Filed March 27, 1975. No. 39735.

Stephen Greenberg, for appellant.

John J. Respeliers, for appellee.

Heard before WHITE, C. J., McCOWN, and NEWTON, JJ., COLWELL, District Judge, and KUNS, Retired District Judge.

NEWTON, J.

This proceeding deals with the custody of a 4-year-old daughter of the parties. On entry of a decree dissolving the marriage of petitioner and respondent, custody was awarded to the latter. Pursuant to a subsequent application by petitioner, custody was awarded to him. We reverse the judgment of the District Court.

Respondent had illicit sexual relations with one Jesus Espejo. She immediately and contritely made this known to her husband and the elders of her church. The divorce ensued. At that time petitioner husband testified to her abilities as a mother and recommended that custody of the child be awarded to respondent. Thereafter the respondent's relationship continued. Before Espejo's divorce was final, she and Espejo went through a marriage ceremony. Respondent was then pregnant with Espejo's child and she stated she wished to give the child a name and a father. The record discloses that when they can legally do so, it is the intention of Espejo and respondent to legitimatize the marriage by means of a second ceremony.

Prior to hearing on the present application petitioner had remarried and respondent had become pregnant. No other change of circumstances appears. Has there been such a change in respondent's conduct as would warrant a change in custody? Petitioner was at all times aware of the relationship with Espejo. The pregnancy was a natural result of this relationship and not in itself a change of circumstances but an inherent part of the relationship. The only change then is petitioner's remarriage. If, as petitioner had testified

and the court held, respondent was a good mother and a fit person to have the custody of her daughter, nothing has occurred since to require a change of custody in the best interests of the child. "A decree awarding custody of minor children and fixing child-support payments is not subject to modification in the absence of a material change in circumstances occurring subsequent to the entry of the decree of a nature requiring modification in the best interests of the children." Gray v. Gray, 192 Neb. 392, 220 N. W. 2d 542. Her conscientious application of her duties as a mother and her excellent ability in that regard were testified to by numerous witnesses.

Whether or not a mother's meretricious relationship requires a change in child custody depends upon the circumstances in each case. In this case respondent's actions were not promiscuous; she frankly admitted her error; she is endeavoring to stabilize and legalize the relationship; and she is an excellent mother. See, Boyer v. Boyer, 183 Neb. 226, 159 N. W. 2d 546; Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667; Hanson v. Hanson, 187 Neb. 108, 187 N. W. 2d 647.

At the hearing in the District Court respondent offered to prove that prior to the dissolution of the marriage petitioner had seduced her 17-year-old sister. The court rejected this testimony. We call attention to Bartlett v. Bartlett, *ante* p. 76, 225 N. W. 2d 413, wherein we held: "A change of circumstances, which will permit a modification of a divorce decree relating to child custody, includes those not known to the court and the opposing party at the time of the entry of the decree and which could not have been discovered by the exercise of reasonable diligence at the time of the entry of the original decree."

The judgment of the District Court is reversed and the cause remanded. An attorney's fee in the sum of

$750 is allowed respondent for attorney's services in the District Court and on appeal.

REVERSED AND REMANDED.