CAROL MILLER, APPELLEE, V. DARRELL MILLER, APPELLANT.

241 N. W. 2d 666

Filed May 12, 1976. No. 40340.

H. Jeanne Thorough of Wood, Kelley, Thorough & Wolfe, for appellant.

Brogan & Stafford, for appellee.

Heard before WHITE, C. J., SPENCER, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

NEWTON, J.

The issue here relates to the custody of two minor children. The parties were divorced by decree entered January 24, 1969. Custody of a son born in 1964 and a daughter in 1966 was awarded to their mother, appellee herein, and hereinafter referred to as Carol, pursuant to a stipulation. It was also stipulated that the father, appellant herein, and hereinafter referred to as Darrell, should pay $75 per month for child support. In 1972 Darrell sought custody of the children and it was again stipulated that Carol should have custody. In 1974 Carol commenced a proceeding in contempt for failure to pay child support and requesting an increase in the amount of child support. Darrell again requested a change of custody. Both applications were denied. We affirm the judgment of the District Court.

In his appeal Darrell contends that the judgment is not sustained by the evidence in several particulars; that there were errors in evidentiary rulings; and that the court erred in referring to his private file on the case.

Darrell resides with his parents on a farm. He is an artifical insemination technician and does some farming. He owns farm tracts of 120 and 33 acres subject to mortgages of about $13,000. He also owed a bank $14,000 borrowed for a pickup truck, cattle, and farm expenses, and has about 50 head of stock cattle, including calves. He has $5,000 in bonds owned jointly with the children.

Carol is a bookkeeper and accountant who also does income tax work. She worked for business firms in her local and surrounding communities. One month after the 1972 hearing in this case she married John Rossow who has three children from a previous marriage. They have purchased a steakhouse in Tilden, Nebraska, which John operates and in which Carol assists to a limited extent. She still carries on her private accounting business. After their marriage the Rossows moved to Tilden from Clearwater, Nebraska. The children finished the school

year in Clearwater. The Rossows now have a large modern home which they are purchasing. They are indebted for the home and the steakhouse. No other changes in circumstances are reflected in the record. The marriage of Carol and John Rossow was contemplated and known to the children at the time of the 1972 hearing.

The evidence reflects that the children's father is deeply interested in them and has had them about 27 percent of the time. As so aptly remarked by the trial court, "it is easier to be Santa Claus, a real fine fellow on four days a month and two months in the summer than it is to do it everyday of the week." This situation has resulted in the children expressing a desire to live with their father although both display a strong attachment to their mother. The children, at the time the hearing was held, were 11 and 9 years of age. "While the wishes of a child who has reached sufficient age, and has the ability to express an intelligent preference, are entitled to consideration, the wishes of the child are not controlling." Goodman v. Goodman, 180 Neb. 83, 141 N. W. 2d 445.

The children have been with their mother for the past 7 years and their father has twice stipulated that she should have their custody. It is apparent that Darrell has felt that they would be well cared for in their mother's custody. The present record verifies that they have been well cared for and are happy, stable, intelligent, and normal children. There is nothing in this record to indicate any abuse or lack of care for the welfare and interests of the children. Minor children are entitled to stable home conditions. They are not chattels and their custody should not be the subject of a continuous contest between divorced parents at the expense of their well-being. See Goodman v. Goodman, *supra*: "The proper rule in a divorce case, where the custody of a minor child is involved, is that the custody of the child is to be determined by the best interests of

the child, with due regard for the superior rights of fit, proper, and suitable parents. Ordinarily courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unfit to perform the duties imposed by the relation or has forfeited that right."

It is also the rule that: "A decree awarding custody of minor children and fixing child-support payments is not subject to modification in the absence of a material change in circumstances occurring subsequent to the entry of the decree of a nature requiring modification in the best interests of the children." Youngberg v. Youngberg, 193 Neb. 394, 227 N. W. 2d 396.

In the present instance there has not been a change of circumstances such that a change in custody is required in the best interests of the children nor does the record reveal that Carol has become an unfit mother.

Darrell assigns as error certain restrictions on cross-examination and in the introduction of evidence as well as reference by the court to notes made at previous hearings. We find these assignments to be without merit.

The judgment of the District Court is affirmed and appellee's attorney is allowed a fee of $500 for his services in this court.

AFFIRMED.