DONALD L. HEYNE, APPELLEE, v. MARY ANN HEYNE KUCIREK, APPELLANT.

277 N. W. 2d 439

Filed April 10, 1979. No. 42169.

Paul J. LaPuzza, for appellant.

John J. Respeliers, for appellee.

Heard before KRIVOSHA, C. J., WHITE, and HASTINGS, JJ., and COLWELL and VAN PELT, District Judges.

COLWELL, District Judge.

Mary Ann Heyne Kucirek, respondent custodial parent, appeals from a modification order of the District Court for Douglas County changing the visitation rights of Donald L. Heyne, petitioner noncustodial parent.

The marriage of the parties was dissolved by decree on October 23, 1974. Custody of their three sons, ages 13, 10, and 6, was awarded to respondent, subject to petitioner's reasonable visitation and certain specific holidays and summer vacation visitations. Both parties have remarried; petitioner lives in Sioux City, Iowa, and respondent resides in Omaha, Nebraska. The visitation rights of petitioner were modified and clarified in 1976, providing for visitation away from the family home 1 weekend each month.

On April 17, 1978, petitioner made application to modify the dissolution decree alleging that respondent was not cooperative in allowing visitation privileges and that all visitation rights should be defined by court order. The application also suggested several acceptable terms of visitation in the areas of weekends, holidays, Father's Day, and telephone and U.S. mail communication. These issues were joined by respondent's answer and a hearing was held on May 25, 1978. At the close of petitioner's evidence respondent moved for a dismissal of the application, which was denied. The court ordered the decree modified as to petitioner's visitation rights as follows: (1) Visitation 1 weekend a month at the petitioner's home in Sioux City, and 1 Sunday afternoon a month visitation in Omaha, Nebraska;

(2) Christmas Day in even-numbered years; (3) the 4 days succeeding Christmas with permission for visitation in petitioner's home; (4) Easter Sunday in odd-numbered years and either the 3 days prior or the 3 days succeeding, dependent upon certain conditions here not related; (5) Thanksgiving Day; (6) Father's Day weekend; and (7) 2 calendar weeks each summer between specified times. Respondent was also ordered not to interfere with the petitioner's attempt to communicate with his children either by telephone or U. S. mail, and, further, to keep petitioner informed as to any health problems and special school activities.

Respondent's motion for new trial, claiming that the order was contrary to the evidence and the law, was denied and this appeal followed, assigning as error that there was neither an allegation nor evidence to support a change of circumstances warranting a modification of visitation privileges.

Section 42-364, R. S. Supp., 1976, provides in part: "When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified * * *. Custody and visitation of minor children shall be determined on the basis of their best interests. Subsequent changes may be made by the court when required after notice and hearing."

"In cases involving determination of visitation privileges of a parent with minor children, findings of a trial court, both as to an evaluation of the evidence and as to the matter of visitation privileges, will not be disturbed on appeal unless there is a clear abuse of discretion or the findings are contrary to the evidence." Casper v. Casper, 198 Neb. 615, 254 N. W. 2d 407.

There is no conflict in the evidence as to petitioner's right of visitation; there was conflict in the time and method of visitation, having its roots in

communication between the parties, contrary to the best interests of the children.

During the first year following entry of the dissolution decree there was no visitation problem. Thereafter, respondent remarried and after 1976 problems developed concerning visitation with the children and respondent became uncooperative in arranging such visitation to the extent that for more than a year all of petitioner's communications and arrangements for visitation were carried on with and through respondent's attorney, Paul J. LaPuzza, who appeared as a witness. His role was helpful to both parties, but emphasizes the failure of the respondent to consider and foster the petitioner's relationship with their children. LaPuzza testified that the parties had strained feelings concerning visitation. LaPuzza was not the attorney of record at the trial. Petitioner's request for a particular weekend visitation was often denied as being inconvenient; however, a subsequent visitation was thereafter arranged with a 5 or 6-week delay. At Christmas time in 1977 petitioner by telephone requested permission to visit his sons and deliver Christmas gifts. This request was denied by respondent's husband, who told him that he didn't care if petitioner didn't see his children until the next June. Petitioner did travel to Omaha the same day and made an unsuccessful effort to deliver the Christmas gifts to his children. There is conflict in the evidence concerning petitioner communicating with the children by both telephone and U. S. mail and his being advised concerning the health and general activities of the children.

Respondent argues that the requirements of Gray v. Gray, 192 Neb. 392, 220 N. W. 2d 542, were not met in that there was no material change of circumstances occurring subsequent to the entry of the decree of a nature requiring modification in the best interests of the children. We do not agree.

Visitation and custody coexist; generally, visitation relates to continuing and fostering the normal parental relationship of the noncustodial parent with the minor child or children of the marriage.

In determining reasonable visitation rights, the best interests and welfare of the child are the primary consideration, considering age, health, welfare, educational and social needs, the need for a stable home environment free of unsettling influences, the fitness of the noncustodial parent for such visitation, and the relationship of the child to that parent. See, Casper v. Casper, *supra*; Miller v. Miller, 196 Neb. 146, 241 N. W. 2d 666; Brisby v. Whitted, 190 Neb. 309, 207 N. W. 2d 696; § 42-364, R. S. Supp., 1976. "It can only be hoped that both parties will extend themselves in the best interests of the children in order to make the arrangement work. With them rest the ultimate responsibility for their children." Braeman v. Braeman, 192 Neb. 510, 222 N. W. 2d 811.

The trial judge found as follows: "It seems rather obvious to me that there is a serious breakdown in communications here affecting the children. My concern is the best interests of the children * * *. Visitation is a key ingredient of raising children, and it is in the best interests to be with their respective parents to the utmost. I have heard nothing in the evidence that would indicate any negative reason for denying Mr. Heyne extensive visitation rights." "In determining * * * the weight to be given the evidence, this court will consider the fact that the trial court observed the witnesses and their manner of testifying." Bailey v. Mahr, 199 Neb. 29, 255 N. W. 2d 866.

There was no abuse of discretion on the part of the trial judge and the modification was clearly supported by the evidence.

AFFIRMED.