CURTIS HELGENBERGER, APPELLANT, V.
CAROLYN HELGENBERGER, APPELLEE.

306 N.W.2d 867

Filed June 12, 1981. No. 43761.

Thomas R. Wolff for appellant.

William G. Line of Kerrigan, Line & Martin for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Curtis Helgenberger (Mr. Helgenberger), appeals from an order entered by the District Court for Dodge County, Nebraska, denying Mr. Helgenberger's application to modify a decree of the District Court for Dodge County, Nebraska, entered on the 26th day of March 1980 with respect to the custody of his minor child, Brad Helgenberger (Brad). We affirm.

The record discloses that Mr. Helgenberger and the appellee, Carolyn Helgenberger (Mrs. Helgenberger), were married on March 13, 1976. At the time of the marriage Mrs. Helgenberger had a daughter by a previous marriage. Custody of the daughter is not involved in this matter. Of the marriage, one

child, Brad, was born to the parties on January 24, 1977. On March 26, 1980, a decree of dissolution was entered by the District Court for Dodge County, Nebraska, dissolving the marriage of the parties.

It appears that both parties were represented by counsel at the time the dissolution was granted and, as part of the matter, the parties entered into a property settlement agreement which recited in part: "2. Child Custody. That both parties are fit and proper persons to be awarded the care, custody and control of the minor child, namely Brad, born January 24, 1977, but, subject to further order of the Court, the custody of said minor child shall remain joint between both Husband and Wife, with possession to be as follows: a. Wife shall have possession of said child at all times not specified herein . . . . b. Husband shall have possession of said child as the parties agree upon, including, but not limited to, (1) Every Friday beginning in the A.M. to every Sunday in the A.M. (2) Every other holiday, commencing with Easter, 1980. (3) Every Fathers Day. (4) Every Christmas either on the six days prior to Christmas Eve, including Christmas Eve, or on Christmas Day and the six days following Christmas Day. (5) Every month of August, commencing with 1980, during which time the Wife shall have possession from Friday P.M. to Sunday P.M. during said month. As set forth herein, the parties may agree to such other times of possession as is in the best interest of said child." The property settlement agreement was approved by the District Court and incorporated into a decree entered by the District Court on March 26, 1980.

On August 21, 1980, Mr. Helgenberger filed an application for modification of the decree, requesting that full custody of Brad be placed with him and that reasonable visitation rights be granted to Mrs. Helgenberger. The basis for the application for modification provided as follows: "Petitioner further alleges that in accordance with the decree and property settlement entered heretofore on March 26, 1980, both parties,

Petitioner and Respondent, were granted joint custody of said child, with visitation rights specifically set out therein. Petitioner now alleges that it is in the best interest of the child to modify the decree to provide custody only in the Petitioner, with possession in the Petitioner, and reasonable visitation rights to the Respondent."

After hearing on the application, the trial court, on September 10, 1980, entered its order in which the trial court specifically found that said order should be denied, "because of failure to demonstrate a change of circumstances since the entry of decree herein . . . ."

Mr. Helgenberger presents this case to this court as though this appeal is a direct appeal from the decree entered by the District Court on March 26, 1980, in which custody of Brad was granted to Mrs. Helgenberger. We believe, in that respect, Mr. Helgenberger is in error. It must be kept in mind that this is not a direct appeal wherein we are examining the trial court's finding as to the best interests of the child, but, rather, a proceeding wherein a decree was entered by the court pursuant to a property settlement agreement voluntarily entered into by the parties and from which no appeal was taken. The real question presented to the trial court initially, and to us on appeal, is whether the decree concerning child custody should be modified.

We have frequently noted that a decree awarding custody of a minor child and fixing child support payments is not subject to modification in the absence of a material change in circumstances occurring subsequent to the entry of the decree of a nature requiring modification in the best interests of the child. See, *Youngberg v. Youngberg,* 193 Neb. 394, 227 N.W.2d 396 (1975); *Gray v. Gray,* 192 Neb. 392, 220 N.W.2d 542 (1974). In the case of *Bokelman v. Bokelman,* 202 Neb. 17, 22, 272 N.W.2d 916, 919 (1979), we said: "A decree fixing custody of minor children will not be modified unless there has been

a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. The determination of the trial court with respect to changing the custody of minor children will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." See, also, *Carper v. Rokus*, 194 Neb. 113, 230 N.W.2d 468 (1975); *Ritchey v. Ritchey*, 208 Neb. 100, 302 N.W.2d 372 (1981). The basis for that rule appears to be articulated in part in our decision in *Miller v. Miller*, 196 Neb. 146, 148, 241 N.W.2d 666, 668 (1976), wherein we said: "Minor children are entitled to stable home conditions. They are not chattels and their custody should not be the subject of a continuous contest between divorced parents at the expense of their well-being."

Our examination of the record convinces us that the trial court was correct in its finding that there was no material change in circumstances or that the best interests of the minor child required such modification. The evidence was clear that Brad was being well cared for by Mrs. Helgenberger. The principal basis for Mr. Helgenberger's claim that there has been a material change in circumstances justifying a change of custody for the best interests of the child is evidence that Mrs. Helgenberger has permitted a male acquaintance to remain at the family home overnight on several occasions. On these occasions the children were also in the home. While it appears from the record that on some of these occasions Mrs. Helgenberger and her male acquaintance may have engaged in sexual relations, the evidence is clear that the children were asleep and totally unaware of what was transpiring.

Likewise, the evidence indicates that on one occasion Mrs. Helgenberger and the children spent the night in the home of her male acquaintance. The record discloses that the parties did not on that

occasion engage in sexual relations and the children were totally unaware that Mrs. Helgenberger was anywhere except asleep with them in the living room, though it appears she did occupy the bed of her acquaintance during some part of the night.

While the action of Mrs. Helgenberger in permitting her male acquaintance to spend the night on occasion in her home or her spending one night with the children in his home may not be laudatory, nor an indication that she has on all occasions used the best of discretion, the evidence falls substantially short of establishing that she is not fit to have custody of Brad or that his best interests demand any change.

In the recent case of *Batenhorst v. Batenhorst*, 205 Neb. 601, 604, 288 N.W.2d 740, 742 (1980), we said: "Sexual misconduct is a factor which may be considered in determining what is in the best interests of minor children, but it is not necessarily determinative. [Citations omitted.] The nature of the act or acts, the circumstances surrounding the commission thereof, and the probable effects as are related to the future welfare of the children must be carefully considered." Also, see cases cited in *Ritchey v. Ritchey, supra.*

Our examination of the entire record leads us to the same conclusion reached by the trial court to the effect that this conduct by Mrs. Helgenberger was not a material change in circumstances affecting the well-being of the minor child and did not justify the modifying of the decree. For that reason the judgment of the trial court is affirmed.

AFFIRMED.

McCOWN, J., concurs in result.