SHIRLEY ANN CAYNOR, APPELLEE, V. DAVID ALAN
CAYNOR, APPELLANT.

327 N.W.2d 633

Filed December 17, 1982. No. 82-469.

David Alan Caynor, pro se.

William L. Monahan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON,
WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

The respondent appeals from the order of the District Court overruling his motion for an order requiring the petitioner to deliver his minor children to Virginia Owen, the respondent's mother, for the purpose of transporting the children to the Nebraska State Penitentiary for visitation with the respondent.

The marriage between the petitioner and the respondent was dissolved on July 30, 1980. Custody of the two minor children, April Marie, born January 27, 1979, and Crystal Ann, born April 1, 1980, was awarded to the petitioner "subject to reasonable rights of visitation by the Respondent."

The respondent is presently imprisoned in the Nebraska State Penitentiary. Upon the filing of the

motion, the trial court entered an order requiring the petitioner to appear and show cause on May 14, 1982, why she should not be held in contempt for refusing to provide reasonable visitation. On May 10, 1982, the respondent filed a second motion, requesting that an attorney be appointed to represent him and that the warden be ordered to permit the respondent to be transported to Omaha so that he could appear in person at the hearing on May 14, 1982.

The respondent's motion, filed May 10, 1982, was overruled but without prejudice to the "Penn. authorities to transport this resp. to Omaha if they chose to so do." The matter was continued to May 25, 1982, so that the respondent could present evidence by deposition, written interrogatories, "or other means provided by statute."

No bill of exceptions has been filed in this case. The applicable rule is that in the absence of a bill of exceptions it will be presumed that the evidence sustained the findings of the trial court. The only issue that can be considered is whether the pleadings support the judgment.

In *Casper v. Casper,* 198 Neb. 615, 254 N.W.2d 407 (1977), a case involving a similar question, we pointed out that the best interests of the children are the primary concern in the determination of custody and visitation matters. Such a determination is of necessity one which is factual in nature. Ordinarily, there is no obligation on the custodial parent to transport the children to another city for the purpose of visitation or to deliver the children to a third person for that purpose. On the record presented, there is no basis upon which the judgment of the trial court in this case could be said to be erroneous.

The respondent's contention that he was entitled to the appointment of counsel and an order directing that he be transported to Omaha so that he could appear in person at the hearing on his motion is equally without merit. A prison inmate has no ab-

solute constitutional right to be released from prison so that he can be present at a hearing in a civil action, and there is no authority which requires the appointment of counsel to represent him in a private civil matter. See, *State v. Otey,* 212 Neb. 103, 321 N.W.2d 453 (1982); *Matter of Warden of Wisconsin State Prison,* 541 F.2d 177 (7th Cir. 1976); *Ball v. Woods,* 402 F. Supp. 803 (N.D. Ala. 1975), *aff'd and modified without opinion* 541 F.2d 279 (5th Cir. 1976).

The judgment of the District Court is affirmed.

AFFIRMED.