DEANNA K. HINZ, APPELLANT, V. GLENN C. HINZ, APPELLEE.

338 N.W.2d 442

Filed September 23, 1983. No. 82-680.

Marsha E. Fangmeyer of Legal Services of SE Nebraska, for appellant.

Joseph F. Chilen of Denney & Chilen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

HASTINGS, J.

The parties' marriage was dissolved by decree dated June 12, 1980, and custody of the children of the marriage, born on August 10, 1974, November 5, 1975, and December 12, 1977, was awarded to Deanna K. Hinz, the petitioner.

On October 9, 1981, Glenn C. Hinz, the respondent, filed an amended petition for modification, which

was heard by the District Court on June 29, 1982. Following that hearing the court entered an order transferring custody of the children to the respondent. The petitioner has appealed. We affirm.

According to the testimony of the petitioner herself, as well as other witnesses, the petitioner had affairs with several men, including sexual relations, both at her home and at the home of one of the men, many times when the children were present in the house. The respondent testified that on one occasion, after having had visitation with the children, he brought them home and they found the petitioner in bed with a male friend.

There was evidence of the petitioner using vile and obscene language around the children, that the children were also using similar language, and some indication of physical abuse of the children by the petitioner. There was some suggestion that the children were not always kept as neat and clean as they should be, and that at one period of time, at least, they were not being adequately fed.

Apparently, there was no real question about the fitness of the respondent to have custody of the children, other than the fact that he worked a regular job and would require a babysitter on occasions to stay with the children.

The trial court's memorandum opinion supporting its order changing custody of the children emphasized the fact that other than working at one time for a few hours at night, the petitioner was satisfied to live on child support and food stamps. Its memorandum stated that such conduct only indicated a shortsightedness and lack of ambition which will affect the children's security and guidance.

In our review of this case we are required to make independent conclusions of fact without reference to the conclusion reached by the trial court. *Dunne v. Dunne*, 211 Neb. 636, 319 N.W.2d 741 (1982). We therefore need not examine the reasons given by the trial court for reaching the decision that it did, al-

though as a general rule a proper judgment will not be reversed even if the trial court did not give the right reason for its rendition. *Leo A. Daly Co. v. Omaha-Douglas Public Bldg. Comm.*, 212 Neb. 533, 324 N.W.2d 252 (1982).

Sexual misconduct is a factor which may be considered in deciding the issue of custody. It may support a finding of a change of circumstances sufficient to conclude that one who had custody is no longer fit for that purpose or that the best interests of the child require such change. *Dunne v. Dunne, supra.*

Having reviewed the record de novo, we find that there has been such a change of circumstances that the best interests of these children require that custody be changed to the respondent. The judgment of the District Court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurs in the result.