NICOLE Y. BRUCE, APPELLEE, V.
FRED A. BRUCE, APPELLANT.
656 N.W.2d 281

Filed February 4, 2003.    No. A-01-1320.

Fred A. Bruce, pro se.

Lori L. Wilson, of Nebraska Legal Services, for appellee.

IRWIN, Chief Judge, and HANNON and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Fred A. Bruce appeals from an order of the district court dissolving his marriage to Nicole Y. Bruce and ordering that Fred have no visitation with the parties' minor children while he remains incarcerated. Fred's only assignment of error on appeal is that the court, without having any evidence that visitation would be contrary to the best interests of the children, erred in denying him visitation. Because we find that there was no evidence presented suggesting that visitation would be detrimental to the best interests of the children, we reverse, and remand with directions.

## II. BACKGROUND

### 1. RECORD ON APPEAL

We first note that the record presented on appeal contains inaccuracies. The court conducted hearings on this matter on October 31 and December 7, 2001. During these two hearings, three exhibits were received. Each of the three exhibits is listed in the index to the bill of exceptions, and the index indicates that the exhibits are located in the "Appendix." Only one of the exhibits is actually in the appendix, and it appears twice. The other two exhibits do not appear at all, despite the court reporter's certificate that the bill of exceptions is "correct and complete." However, inasmuch as these exhibits have no bearing on the issue being appealed and have no bearing on the outcome of the case, no further action concerning them is necessary.

## 2. FACTUAL BACKGROUND

Fred and Nicole were married on August 20, 1998. The parties had two children who remained minors at the time of the proceedings herein, having been born on April 23, 1997, and on August 11, 1999.

On April 10, 2001, Nicole filed a petition for dissolution of the parties' marriage. Fred filed a responsive pleading on June 22.

On October 31, 2001, the court conducted a hearing on Nicole's petition. Fred was incarcerated at the time, and he participated in the hearing telephonically. Nicole testified that the marriage was irretrievably broken, presented evidence for purposes of calculating child support, requested custody of the children, requested division of marital property and debt, and made no request for alimony. Nicole also specifically requested that Fred not be granted visitation rights while he is incarcerated.

The record indicates that Fred had previously exercised visitation with the children. At some point, Fred apparently was involved in an altercation at the prison and was placed "into lock-down, and the only way he could have visitation was in handcuffs and shackles." The record indicates, however, that at the time of the hearing, Fred was "out of lock-down and [did not] have to wear shackles and chains." Although Nicole was specifically asked why she did not want Fred to have visitation and was specifically asked whether the children had any problems while visiting Fred, she did not testify that visitation had any adverse impact on the children. In fact, the only problem Nicole testified about was that she did not think such young children should have to see their father "in handcuffs and shackles," a situation which appeared to no longer be the case.

On December 10, 2001, the district court entered a decree. In the decree, the court granted custody of the parties' children to Nicole and ordered that Fred "shall have no parenting time with the minor children of the parties until released from incarceration and then he shall have reasonable rights of parenting time to be supervised by a responsible adult." This timely appeal followed.

## III. ASSIGNMENT OF ERROR

Fred's sole assignment of error on appeal is that the district court erred in denying him visitation with his children while he is incarcerated.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

In cases involving determination of visitation privileges of a parent with minor children, findings of a trial court, both as to an evaluation of the evidence and as to the matter of visitation privileges, will not be disturbed on appeal unless there is a clear abuse of discretion or the findings are contrary to the evidence. Such findings are subject to review by an appellate court de novo on the record. *Casper v. Casper*, 198 Neb. 615, 254 N.W.2d 407 (1977). A judicial abuse of discretion occurs when the reasons or rulings of the trial court are clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Vogel v. Vogel*, 262 Neb. 1030, 637 N.W.2d 611 (2002).

### 2. APPLICATION

In the present case, the record is devoid of any evidence suggesting that denial of Fred's visitation rights is in the best interests of the minor children. Nicole presented no such evidence, either in the form of expert testimony or even in her own testimony concerning the impact prior visits had on the children. As such, we conclude that the district court's order denying Fred visitation solely on the basis of his incarceration is an abuse of discretion.

There is no dispute in the present case that Fred's right to visitation with his children is a substantial right. The Nebraska Supreme Court has previously held that this right cannot be denied based solely on the basis of a litigant being incarcerated. See, *Nielsen v. Nielsen*, 217 Neb. 34, 348 N.W.2d 416 (1984); *Casper, supra*. "The mere fact of incarceration is not a sufficient justification for the denial of the right of visitation even though the same may be effectively exercised only by visitation at the institution." *Casper*, 198 Neb. at 617, 254 N.W.2d at 409. See, also, *Nielsen, supra*; *McCurdy v. McCurdy*, 173 Ind. App. 437, 363 N.E.2d 1298 (1977); *M__ L__ B__ v. W__ R__ B__*, 457 S.W.2d 465 (Mo. App. 1970); *Chadwick v. Chadwick*, 275 Mich. 226, 266 N.W. 331 (1936).

Nicole recognizes the above proposition in her brief, but emphasizes that in *Nielsen* and *Casper*, the court ruled against visitation with an incarcerated parent. Nicole also argues that

"[t]here is ample evidence to support the court's decision" in the present case to deny Fred visitation. Brief for appellee at 7. In support of this notion, however, Nicole again argues only that "[i]t was perfectly reasonable for the [j]udge to not require these young, impressionable children to visit their father in prison and see him in handcuffs and shackles." Brief for appellee at 8. As noted above, the record indicates that Fred was no longer required to be in handcuffs and shackles.

Nebraska appellate courts have never upheld a trial court's denial of visitation where the record did not contain at least minimal evidence to support a determination that such denial was in the best interests of the children. In *Casper, supra*, the custodial parent presented testimony concerning the impact visitation with the incarcerated noncustodial parent had on the children. In *Nielsen, supra*, the custodial parent presented expert testimony that visitation with the incarcerated noncustodial parent would have an adverse impact on the children. Even such minimal evidence does not exist in the record presented to us.

Although it may well be true, as Nicole asserts in her brief, that "[t]hese are very young children and as such, they could easily be affected by visiting their father in prison," there is no evidence in the record before us to suggest such. Brief for appellee at 7. Without any evidence at all to support a determination that visitation is not in the best interests of the children, the district court's order denying Fred visitation solely on the basis of his incarceration is an abuse of discretion.

## V. CONCLUSION

We find that the district court's order denying Fred visitation solely on the basis of his incarceration is an abuse of discretion. The decree is reversed in this regard, and the matter is remanded with directions to the district court to enter a visitation order reasonable for the circumstances of this case. We do not intend to indicate that a traditional visitation order is necessary or that Nicole should be burdened with the responsibilities of providing for transportation.

REVERSED AND REMANDED WITH DIRECTIONS.