MARIANNE L. MORISCH, APPELLEE, V. LEE R. MORISCH,
APPELLANT.
355 N.W.2d 784

Filed October 5, 1984.   No. 83-653.

Glenn A. Rodehorst, for appellant.

John H. Albin of Treadway, Bird & Albin, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
and SHANAHAN,JJ.

SHANAHAN, J.

The district court for Nance County denied Lee R. Morisch's motion to modify the Morisch decree of dissolution of marriage, namely, child support payments ordered in that decree. We affirm.

On October 7, 1981, Marianne L. Morisch and Lee R. Morisch were granted a decree dissolving their marriage. Pursuant to that decree, Marianne received custody of the 4-year-old child of the parties and Lee was ordered to pay $180 per month ($45 per week) in child support until the "minor child reaches her majority, dies, or is emancipated, whichever shall first occur." On May 9, 1983, Lee filed a motion to modify the decree regarding child support and alleged there had been a material change in circumstances.

When the decree was entered, Lee was working as a machine operator, earning $7.80 per hour in California. However, during the 5 months before the hearing on the motion to modify, Lee was unemployed and lived with his aunt and uncle in California. Lee received $126 a week ($504 per month) in unemployment compensation from the State of California. The record does not indicate why Lee was unemployed. Lee and Marianne stipulated, subject to court approval, that Lee's "child support obligation shall be satisfied through a one time

lump sum payment of $10,000.00." According to the stipulation, Lee's payment of $10,000 within 15 days after the court's approval of the stipulation would discharge Lee from any further payment of child support prescribed by the decree. According to the proposed stipulation, Lee would remain liable for his daughter's medical expenses not covered by Marianne's insurance or paid by the Nebraska Crippled Children's Program regarding hip surgery, special braces, and special shoes. The source of the $10,000 would be a loan to Lee from his father. The trial court denied Lee's motion to modify the decree.

A judgment concerning modification of a decree of dissolution of marriage is reviewed by this court de novo on the record. *Sholl v. Sholl*, 216 Neb. 289, 343 N.W.2d 742 (1984). To justify a modification of a divorce decree, there must be a showing of a material change in the circumstances subsequent to the entry of the dissolution decree. *Helgenberger v. Helgenberger*, 209 Neb. 184, 306 N.W.2d 867 (1981).

"Material change in circumstances" in reference to modification of child support is analogous to modification of alimony for "good cause." See Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982); cf. *Chamberlin v. Chamberlin*, 206 Neb. 808, 814, 295 N.W.2d 391, 395 (1980) (modification of alimony on account of a "change of circumstances of a material and substantial nature"). "Material change in circumstances" eludes precise and concise definition. Courts may consider various factors to determine if a material change in circumstances has occurred. Among some of the factors or circumstances considered by a court are a change in the financial resources or ability to pay on the part of the parent obligated to pay support, needs of the child or children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent. See 24 Am. Jur. 2d *Divorce and Separation* §§ 1082-1088 (1983). Alteration and passage from one condition to another is essential for a material change in circumstances.

In substance, Lee contends his present unemployment in and

of itself establishes a material change in circumstances. We do not agree. While his monthly receipt of unemployment benefits is $504, Lee's present monthly payment of child support is $180, resulting in a net difference of $324 in favor of Lee. As far as the record reflects, the needs of the Morisch child remain the same as existed when the district court entered the decree of dissolution in 1981. Moreover, Lee testified that his father's funds for the proposed, but to be approved, lump sum payment were a loan. A loan requires repayment. If he has the current capacity to repay the loan described, Lee has the ability to continue paying child support.

The district court indicated prospective disapproval of the stipulation and declined to decide whether Lee, in exchange for paying $10,000, should be entitled to a release from a child support obligation having a projected value of approximately $28,000 and a present worth or commuted value of $22,537.24. Accordingly, we forgo further comment and need not decide the propriety of the proposed lump sum settlement of Lee's child support obligation.

We can reach no conclusion other than that Lee has failed to meet his burden in proving a material change in circumstances.

The judgment of the district court is affirmed.

AFFIRMED.