MARINA C. TWOREK, APPELLANT, V. RAYMOND A. TWOREK,
APPELLEE.

359 N.W.2d 764

Filed December 21, 1984.     No. 83-543.

Philip T. Morgan of Morgan & Morgan, for appellant.

James C. Stecker of Robak & Stecker, for appellee, and, on brief, Daniel A. Fullner of Moyer, Moyer, Egley & Fullner.

KRIVOSHA, C.J., HASTINGS, CAPORALE, and SHANAHAN, JJ., and BRODKEY, J., Retired.

BRODKEY, J., Retired.

This is an appeal from an order of the district court for Polk County, Nebraska, which modified the child support provisions of a divorce decree. The original decree, entered December 30, 1982, awarded custody of four of the parties' seven children to the appellant, Marina C. Tworek. At the time, three of the children were minors and one had attained the age of majority but was living at home with the appellant; the other three had reached majority and were emancipated. The appellee, Raymond A. Tworek, was ordered to pay child support "in the sum of $400.00 per month . . . until all said children are emancipated." No appeal was taken from this decree.

On January 28, 1983, less than 1 month after the entry of the original decree, Raymond filed an application for modification

on the ground that "a child of the parties herein, Norman Tworek, has reached the age of majority and has become fully emancipated." A hearing was held on May 23, 1983, and on June 22, 1983, the district court modified the original decree by reducing the child support payments to $125 per month per child for each child who is presently unemancipated. The court further ordered that as each of the remaining three unemancipated minor children reached legal age, or were otherwise emancipated or died, the child support would abate accordingly.

On appeal Marina Tworek contends that the lower court erred when it determined that there was sufficient change in circumstances subsequent to the initial decree to warrant a reduction in child support. For the following reasons we agree.

It is a well established principle that child support payments are not subject to modification in the absence of a material change in circumstances occurring subsequent to the entry of the decree of a nature requiring modifications in the best interests of the children. *Helgenberger v. Helgenberger*, 209 Neb. 184, 306 N.W.2d 867 (1981); *Soukup v. Soukup*, 208 Neb. 672, 305 N.W.2d 372 (1981).

A proceeding to modify a judgment for child support is not a retrial of the original case or a review of the equities of the original decree. *Gray v. Gray*, 192 Neb. 392, 220 N.W.2d 542 (1974); *Quigley v. Quigley*, 202 Neb. 677, 276 N.W.2d 671 (1979).

As noted earlier, Raymond's application for modification was based on the contention that because the parties' son Norman had attained the age of majority subsequent to the original decree, the child support payments should be reduced. The flaw in Raymond's contention is apparent. Norman Tworek was born August 5, 1963. Norman was age 19 both at the time of the entry of the original decree and at the time the application for modification was filed. This is obviously not a change of circumstances.

Even if the appellee's contention were correct and Norman had attained the age of majority subsequent to the entry of the original decree, the decree would not be subject to modification. Where an award for child support is made in one

amount for each succeeding month for more than one child, as was ordered in the original decree, it will be presumed to continue in force for the full amount until the youngest child reaches his majority. A single amount to be paid periodically for the support of more than one child is not subject to an automatic pro rata reduction. *Johnson v. Johnson*, 215 Neb. 689, 340 N.W.2d 393 (1983); *In re Application of Miller*, 139 Neb. 242, 297 N.W. 91 (1941).

The order modifying the child support payments is reversed and the cause remanded with directions to dismiss the appellee's application for modification and reinstate the child support provisions set forth in the original decree. Appellant is allowed $500 for attorney fees in this court.

REVERSED AND REMANDED WITH DIRECTIONS.