JEANNETTE ELAINE WAGNER, APPELLEE, V. JAMES FRANK WAGNER, APPELLANT.

396 N.W.2d 282

Filed November 21, 1986. No. 85-494.

156

Samuel G. Kaplan, for appellant.

Lynn B. Lamberty of Steinacher, Vosoba & Hanson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Upon application of the petitioner-appellee, the district court modified a November 15, 1978, decree by increasing child support for two children from $41 per week for both children to $150 per month per child.

The respondent, the former husband, has appealed, claiming that the only change in circumstances shown was the increased age of the children due to the passage of time. It is his contention that under the rule set forth in *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985), a change of circumstances involving the mere passage of time does not support or justify a modification of an award of child support.

It is true that in *Graber* we said:

Furthermore, not all material changes justify modification. Indeed, if the changes are of the type that necessarily were in the contemplation of the parties at the

time the decree was entered, even though material, such changes do not, *of themselves*, justify a modification. For instance, it obviously is in the contemplation of all of the parties in every case that the children involved will grow older and that their needs will therefore change. That fact, *standing alone*, is not sufficient to justify a modification of a decree of dissolution.

(Emphasis supplied.) *Id*. at 819, 374 N.W.2d at 10.

However, the claimed changes of circumstances in *Graber* were the increased income of the former husband, the former wife's illness preventing her from obtaining gainful employment, an increase in mortgage payments required of her, and her desire to send the children to a private school. What the court found was that the evidence did not support the existence of such changes or, in the case of the latter two items, that both were anticipated by the parties at the time of the decree.

*Graber* was intended to emphasize the longstanding rule that a proceeding to modify a child support order is not a retrial of the original case nor a review of the original decree. *Tworek v. Tworek*, 218 Neb. 808, 359 N.W.2d 764 (1984). Unfortunately, the language cited above perhaps overstated the case and, as aptly set forth in the concurring opinion, was based on cases involving modification of alimony orders.

We do reemphasize the longstanding rule that the paramount issue in child support cases, whether originally or in proceedings for modification, remains the best interests of the children. *Ohler v. Ohler*, 220 Neb. 272, 369 N.W.2d 615 (1985).

In spite of language such as that from *Pfeiffer v. Pfeiffer*, 201 Neb. 56, 58, 266 N.W.2d 82, 84 (1978), "It is also to be noted that as the ages of the children increase, the expense of care is generally greater," we do hold that evidence of the increased age of children alone will not furnish a satisfactory basis for a modification of child support unless accompanied by competent evidence of the actual increase in the cost of maintaining the children. The record must disclose the circumstances as they existed originally and the present facts supporting the change.

Regarding the further language of *Graber* denying a modification of child support due to changes that "necessarily

were in the contemplation of the parties at the time the decree was entered," 220 Neb. at 819, 374 N.W.2d at 10, we limit that to anticipated changes which were specifically noted on the record at the time. For example, if the record reflects that orthodontia work on a child was planned for the following year and provisions were made therefor, once the treatment was actually begun and completed, the fact that the custodial parent is now faced with the payment for those services normally would not support a modification of the decree. On the other hand, the fact that a younger sibling is later found to be in need of similar services is not an anticipated change of circumstances because it was likely that children of the same family would require such treatment.

To the extent that certain language of *Graber* perhaps has been misinterpreted, that interpretation is expressly disapproved.

The evidence in the record indicates that the children are now ages 9 and 12. The petitioner, at the time of the original decree, had net earnings of $3,056, and at the time of the modification hearing such earnings had been reduced to approximately $1,981. By this time the petitioner had remarried. The respondent's gross income from the time of the dissolution to the hearing on the modification had remained rather constant, although for some unexplained reason respondent claimed his net income in that period of time had been reduced from approximately $16,500 to $13,990.

However, estimates though they were, the evidence seems to be undisputed that petitioner's monthly expenses have increased from $396 at the time of the decree of dissolution to a point where at the time of the modification hearing the monthly expenses attributable to the children totaled $727. These totals consisted of individual categories including housing, utilities, food, clothing, medical, insurance, automobile, and school.

Questions relating to the modification of child support are initially entrusted to the sound discretion of the trial court, and, although on appeal we are required to review the record de novo, in the absence of an abuse of discretion, the decision of the trial court will be affirmed. *Meyers v. Meyers*, 222 Neb. 370, 383 N.W.2d 784 (1986).

Following a de novo review of the record, we find that the judgment of the trial court was correct and should be affirmed.

AFFIRMED.