SANDRA JEAN WILSON, APPELLEE, V. RICHARD ALAN WILSON, APPELLANT.

399 N.W.2d 802

Filed January 23, 1987.   No. 86-251.

Miles W. Johnston, Jr., of Johnston, Wherry & Knight, for appellant.

Steven J. Reisdorff of The Law Office, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Saline County. The parties to this case, Sandra Jean Wilson and Richard Alan Wilson, were divorced on October 4, 1982. As part of the decree the court approved a property settlement agreement. The property settlement agreement provided for the joint custody of their four children. Specifically, the appellee, Sandra Wilson, was awarded custody of the children during the school year, and the appellant had rights of visitation during every other weekend and holiday. The custody and visitation arrangements were reversed during the summer months. Richard Wilson was also ordered to pay $50 per month per child

during the time when the children were with their mother, but was excused from payment during the time the children were with him. In an addendum to the original property settlement, the appellant was ordered to pay one-half of all medical expenses and to obtain and maintain health insurance coverage on the children.

In March of 1984 the decree was modified to provide that the appellant pay a total of $200 per month child support except in any month in which he has the children 25 days or more. The appellant was also ordered to pay all reasonable and necessary medical expenses incurred by the children.

The third and final modification of the visitation, custody, and support rights came in March of 1986. The appellee was given custody of the children. The appellant was given visitation for 30 days in the summer, along with every other weekend, and was excused from the payment of support during that time. The appellant was permitted to pick up his children at 6 p.m. on Friday and return them at 7 p.m. on Sunday. He was also ordered to maintain present health care obligations.

This appeal follows the final modification. Appellant assigns error to the trial court's modification of the custody, support, and visitation provisions of the decree. We affirm as modified.

Addressing the issue of the custody of the four minor children, the appellant argues that the trial court erred in changing the custody of the Wilson children from joint custody in both parents to custody in the children's mother. Neb. Rev. Stat. § 42-364(3) (Cum. Supp. 1986) permits joint custody only in situations where both parents agree, and then only after a public hearing is conducted on that issue. Regardless of any agreement by the parents on the outcome of the public hearing, the court must find that joint custody is in the best interests of the children.

We have, in our previous opinions on the issue of joint custody, stated explicitly that joint custody is not favored and must be reserved for only the rarest of cases. *Trimble v. Trimble,* 218 Neb. 118, 352 N.W.2d 599 (1984); *Korf v. Korf,* 221 Neb. 484, 378 N.W.2d 173 (1985). Although each parent has shown only love and affection for the children, our review of the record makes apparent that the Wilsons' inability to

agree on custody arrangements has disrupted the children's home life and caused much unneeded stress. Although each parent is capable of providing a secure and happy home for the children, it is in the best interests of the children that there be only one custodial parent. From a de novo review of the record, which we are required to conduct, we find that the district court has made an admirable effort to find a solution for a situation in which none is really apparent. We find no abuse of discretion and affirm the district court's placement of the custody of the children with the appellee.

Appellant next assigns as error the district court's change of child support from a total of $200 per month to $120 per month per child. Questions relating to the modification of child support are entrusted to the sound discretion of the trial court. Although our review is de novo on the record, absent an abuse of discretion on the part of the trial court the decision of the trial court will be affirmed on appeal. *Wagner v. Wagner, ante* p. 155, 396 N.W.2d 282 (1986).

The rule is well established that, absent a material change of circumstances, child support payments are not subject to modification. *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985). The record reveals that the appellant's income has increased from over $10,000 in 1983 to over $19,000 in 1984. The appellant argues that this increase in income does not justify the lower court's increase in support payments. The appellee testified in court that the $200 per month she currently received in child support barely enabled her to feed the children and did not provide extra money to pay any additional expenses.

In *Morisch v. Morisch*, 218 Neb. 412, 413, 355 N.W.2d 784, 785-86 (1984), this court enumerated the situations which would meet the requirement of a material change of circumstances as follows:

> "Material change in circumstances" in reference to modification of child support is analogous to modification of alimony for "good cause." See Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982); cf. *Chamberlin v. Chamberlin*, 206 Neb. 808, 814, 295 N.W.2d 391, 395 (1980) (modification of alimony on account of a "change

of circumstances of a material and substantial nature"). "Material change in circumstances" eludes precise and concise definition. Courts may consider various factors to determine if a material change in circumstances has occurred. Among some of the factors or circumstances considered by a court are a *change in the financial resources or ability to pay on the part of the parent obligated to pay support*, needs of the child or children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent. See 24 Am. Jur. 2d *Divorce and Separation* §§ 1082-1088 (1983). Alteration and passage from one condition to another is essential for a material change in circumstances.

(Emphasis supplied.)

We also note *Pfeiffer v. Pfeiffer*, 201 Neb. 56, 266 N.W.2d 82 (1978), where a change in support obligations was partially justified by the increase in the father's salary, and *Meyers v. Meyers*, 222 Neb. 370, 383 N.W.2d 784 (1986), where this court stated that the determination of whether a material change in circumstances occurred involves, among other things, a consideration of whether a change in the financial resources of the parents has occurred.

The record does not contain specific notations which indicate that the parties anticipated this significant increase in the appellant's income. *Wagner v. Wagner, ante* p. 155, 396 N.W.2d 282 (1986). We find, therefore, that the appellant's increase in income, along with the increased ages of the children and the inability of the appellee to afford to pay the children's bills on the current support payments, meets the requirement of a material change in circumstances and permits the modification of support payments. We find no abuse of discretion in the lower court's actions.

Appellant's final assignment of error involves the failure of the trial court to provide for holiday visitation in the final order. In *Manewal v. Manewal*, 220 Neb. 867, 868, 374 N.W.2d 39, 40 (1985), this court stated:

We hold that determinations as to visitation rights in a

dissolution of marriage case are matters initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion; keeping in mind, however, that the trial judge observed and heard the witnesses at some point in the trial and accepted one version of the facts rather than the other.

Our review of the record reveals no reason why the appellant was not granted visitation with his children on holidays, especially in light of the fact that the appellant had visitation in the past. We find that the trial judge abused his discretion in failing to provide appellant holiday visitation with his children.

We will now set out the holiday visitation schedule which will govern the parties to this case. Holiday visitation will include only the following holidays. (1) *Easter*. The Easter holiday will include that period of time during which the children are excused from school for the Easter holiday, including Easter Sunday, and shall commence at 8:30 a.m. on the day after the children are released from school and end at 7 p.m. on the day before the children return to school. (2) *Memorial Day weekend*. This holiday shall include only that weekend when Memorial Day is nationally recognized and shall commence at 8:30 a.m. on Saturday and conclude at 7 p.m. on Monday, Memorial Day. (3) *Fourth of July*. The Fourth of July shall include only the day on which Independence Day is nationally recognized and shall commence at 8:30 a.m. and conclude at 7 p.m. (4) *Labor Day weekend*. This holiday shall include only that weekend on which Labor Day is nationally recognized and shall commence at 8:30 a.m. Saturday and conclude at 7 p.m. on Monday, Labor Day. (5) *Thanksgiving*. This holiday shall be defined as that period of time during which the children are excused from school for the Thanksgiving holiday, including Thanksgiving, and shall commence at 8:30 a.m. on the day after the children are released from school and conclude at 7 p.m. on the day before the children return to school. (6) *Christmas*. The Christmas holiday shall be defined as that time during which the children are excused from school for the Christmas holiday and shall commence at 8:30 a.m. on the day after the children are released from school and conclude at

noon on December 31. (7) *New Year's Day*. The New Year's Day holiday shall commence at noon on December 31 and conclude at 7 p.m. on the day before school is to begin.

The children shall be returned to the custodial parent at the conclusion of each holiday. In even-numbered years the mother shall have the children for the even-numbered holidays, and Mr. Wilson shall have the children on the odd-numbered holidays. In odd-numbered years the children shall remain with their mother for odd-numbered holidays and spend the even-numbered holidays with the appellant. The children will spend Mother's Day with their mother and Father's Day with their father. For Mother's Day and Father's Day only, the holiday will commence at 8:30 a.m. and conclude at 7 p.m. on the Sunday on which these holidays are nationally observed. This holiday visitation schedule shall supersede the regular weekend visitation schedule. The regular weekend visitation schedule will continue with the parent who did not have the children on the previous holiday and continue on from that point, alternating between the parents every other weekend. We affirm as modified.

AFFIRMED AS MODIFIED.