RAMONA M. DOBBINS, APPELLEE, V. WILLIS E. DOBBINS, APPELLANT.

411 N.W.2d 644

Filed September 11, 1987.   No. 86-1107.

David W. Jorgensen of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

466

Frank E. Piccolo of Murphy, Pederson, Piccolo & Pederson, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The respondent, Willis E. Dobbins, has appealed from the order of the district court increasing the amount of child support he must pay under the decree dissolving his marriage to Ramona M. Dobbins.

The original decree of dissolution was entered on June 29, 1982. The court granted custody of the parties' two daughters to Ramona. Pursuant to the parties' stipulation, Willis was ordered to pay child support of $150 per child per month.

On July 28, 1986, Ramona filed an application to modify the decree to increase the award of child support. She alleged that the increase was required in the best interests of the children due to material changes in the parties' circumstances since entry of the original decree. Specifically, she alleged that Willis had realized numerous increases in his earnings over the years, whereas her own income had remained the same or decreased. She also alleged that the parties' two daughters had grown in years and their needs increased, thereby increasing the financial demands on her.

On October 20, 1986, a hearing was had on the application to modify. Prior to receiving any evidence, the trial court stated that it would not hear any evidence regarding increased financial needs of the children and their mother due to the daughters' growth in years. This limitation was based on the trial court's reading of an unidentified opinion of this court. The evidence was thus restricted to that regarding the allegation of increased earnings to Willis.

After hearing the testimony of both Willis and Ramona, the trial court on October 27, 1986, increased Willis' child support obligations under the decree to $175 per child per month.

On appeal, Willis maintains there was not sufficient evidence of a material change of circumstances since the time of the original decree which would justify the increase in child support.

Modification of child support is an issue entrusted to the sound discretion of the trial court. *Wilson v. Wilson*, 224 Neb. 589, 399 N.W.2d 802 (1987). Our review of such issues is de novo on the record, but absent an abuse of discretion by the trial court, its decision will be affirmed on appeal. *Wilson, supra*. Our de novo review is also qualified by the fact that where there is a conflict in the evidence, weight is given to the fact that the trial court saw and heard the witnesses and accepted one version of the facts as opposed to the other. *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985).

It is also necessary to keep in mind that the paramount concern regarding child support issues, whether in the original dissolution action or in proceedings for modification, remains the best interests of the children. *Wagner v. Wagner*, 224 Neb. 155, 396 N.W.2d 282 (1986).

Modification of an award of child support is not justified unless the applicant proves that a material change in circumstances has occurred since entry of the decree or a previous modification. *Graber v. Graber, supra*.

Previously, this court has held that a "material change in circumstances" is a concept which eludes precise, concise definition. *Wilson v. Wilson, supra*. There are certain factors, however, which the district court may consider in determining whether a material change has occurred or not. Among those factors are: changes in the financial position of the parent obligated to pay support; the needs of the children for whom support is paid; good or bad faith motive of the obligated parent in sustaining a reduction in income; and whether the change is temporary or permanent. *Wilson v. Wilson, supra*.

In a similar vein, this court in *Meyers v. Meyers*, 222 Neb. 370, 374, 383 N.W.2d 784, 787 (1986), stated: "The determination of whether such a change has occurred involves a consideration of whether there has been a change in the financial resources of the parents, the needs of the child for whom support is paid, and whether the change in circumstances is temporary or permanent."

Willis contends that the evidence here was insufficient to support a modification because the record is silent as to the needs of the minor children in question. In fact, there is no such

direct evidence in the record. Ramona responds that an inference of the children's increased needs arises from the fact that she is now unemployed, which was not the case when the stipulation and decree were entered.

The lack of direct evidence regarding the children's needs is due to the fact that the trial court refused to hear evidence regarding Ramona's allegation that her minor daughters' growth in years had resulted in an increase in their financial needs. Any evidence that Ramona had on this issue should not have been excluded.

In *Graber v. Graber, supra* at 819, 374 N.W.2d at 10, this court stated:

> Indeed, if the changes are of the type that necessarily were in the contemplation of the parties at the time the decree was entered, even though material, such changes do not, of themselves, justify a modification. For instance, it obviously is in the contemplation of all of the parties in every case that the children involved will grow older and that their needs will therefore change. That fact, standing alone, is not sufficient to justify a modification of a decree of dissolution.

Subsequently, in *Wagner v. Wagner, supra*, we indicated that the above quoted language from *Graber* was an overstatement. The better view, as stated in *Wagner, supra* at 157, 396 N.W.2d at 283, is that "evidence of the increased age of children alone will not furnish a satisfactory basis for modification of child support *unless* accompanied by competent evidence of the actual increase in the cost of maintaining the children." (Emphasis supplied.)

In view of *Wagner*, an opinion released subsequent to the hearing of this case, the trial court committed plain error in refusing to permit evidence on this issue. See Neb. Rev. Stat. § 25-1919 (Reissue 1985).

Nevertheless, the evidence before the court was sufficient to show a material change of circumstances. Specifically, the evidence reflected that Willis' gross income had increased from $28,894.58 in 1982, when the decree was entered, to $32,544.41 in 1985. The evidence also showed that while Ramona was employed as a gas station attendant when the decree was

entered, she was unemployed at the time of the modification hearing and had been so since August of 1986. Her unemployment was due to a heart condition which had caused her problems for 14 years. She could not work at the time of the hearing because her physicians would not sign a work release. Ramona also testified that the child support she received under the decree was her only source of income.

While there is indeed no direct evidence of the children's increased financial needs, the existence of that circumstance can reasonably be inferred from the fact that Ramona no longer is able to supplement the child support paid by Willis with outside income to care for the children. If Ramona needed $300 per month to provide for the children when she had additional income, it is reasonable to infer that the children would need more money from their father when Ramona could no longer supplement that amount.

In view of Ramona's decreased earning ability and Willis' increased earnings, it cannot be said the trial court abused its discretion in increasing Willis' child support obligations as it did.

Willis also argues that the increase in his income was contemplated by the parties at the time of the decree. This contention is based on Ramona's testimony that at the time of the decree she was aware of his annual raises and contemplated that he would receive such raises in the future.

Willis contends that under *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985), changes in circumstances within the contemplation of the parties at the time of the decree, or that were accomplished by the mere passage of time, do not justify modification.

*Graber* was subsequently limited by our opinion in *Wagner v. Wagner*, 224 Neb. 155, 158, 396 N.W.2d 282, 284 (1986), wherein we stated that the rule regarding contemplated changes in circumstances is limited "to anticipated changes which were specifically noted on the record at the time."

The record before us does not indicate that Willis' increase in salary was noted on the record at the time the decree was entered. While Ramona may have then been aware that Willis' income would increase in the future, that was not a factor which

clearly entered into their efforts to reach the stipulation which was approved by the court in its decree.

Even assuming Ramona's testimony was sufficient to show that the parties had then contemplated the future increase of Willis' earnings, it is clear that Ramona's complete reduction in income was not expected by the parties. The change in Ramona's relative financial position justifies the increase in child support ordered, even disregarding the increase in Willis' income. The trial court did not abuse its discretion in granting Ramona's request for increased child support.

Finally, Ramona requests an award of attorney fees on appeal. Given the parties' relative financial positions and the fact that the amount in controversy involved a relatively small increase in Willis' obligations, Ramona is allowed $1,000 for the services of her attorney in this court.

AFFIRMED.

KRIVOSHA, C.J., not participating.