PAMELA S: HEUER, APPELLANT, V. RUSSELL L. HEUER, APPELLEE.
416 N.W.2d 572

Filed December 18, 1987.    No. 86-082.

Hal W. Anderson of Berry, Anderson, Creager & Wittstruck, for appellant.

William L. Gilmore, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

Appellant filed a petition in the district court for Lancaster County seeking modification of a divorce decree by an increase in child support. The district court, after hearing, sustained appellee's motion to dismiss after finding that there had been no material change in circumstances to warrant modification.

At the modification hearing petitioner-appellant testified that in 1982, the time of the original decree, her income was

$500 per month, or $6,000 annually. In 1985, when the modification petition was filed, appellant's income was estimated at $4,000 annually. Appellant remarried 6 months after the divorce decree was entered. Her new family's income in 1985 was approximately $21,000, which included the $300-per-month child support appellant receives.

Respondent-appellee testified that his salary in 1982 was $5.50 per hour and in 1985 was $8.72 per hour. Appellee was unmarried at the time of the hearing. Evidence was introduced regarding the current expenses, assets, and debts of each party.

Appellant was asking for an increase in child support payments mainly due to an increase in the expenses associated with her children's growing older.

Modification of child support is an issue entrusted to the sound discretion of the trial court. *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987). Our review of such issues is de novo on the record, but absent abuse of discretion by the trial court, its decision will be affirmed on appeal. *Id.*

Modification of an award of child support is not justified unless appellant proves that a material change in circumstances has occurred since entry of the decree. *Dobbins, supra.* After review of the record, we are of the opinion that the evidence is not sufficient to warrant modification of child support. Appellant failed to prove that a material change of circumstances has taken place that warrants an increased award.

AFFIRMED.