PAUL EMPFIELD, APPELLEE, V. JO-LENE EMPFIELD, APPELLANT.

425 N.W.2d 334

Filed July 1, 1988.   No. 86-895.

Roy A. Sheaff and John F. Sheaff, of Sheaff Law Offices, for appellant.

Mary Morgan Cote, of Cunningham, Blackburn, Livingston, Francis, Cote, Brock & Cunningham, for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and SPRAGUE and THOMPSON, D. JJ.

THOMPSON, D.J.

The marriage of the respondent-appellant, Jo-Lene Empfield, and petitioner-appellee, Paul Empfield, was dissolved on September 21, 1979, by the district court for Hall County. Pursuant to the property settlement agreement approved by the court, custody of the parties' three children, Chad Empfield, born February 2, 1970, and twins, Anthony Empfield and Adam Empfield, born January 18, 1976, was awarded to the respondent, and the petitioner agreed to pay $125 per month per child.

On May 16, 1983, petitioner filed a motion to change custody of Chad from the respondent to the petitioner. The

respondent filed a motion on May 31, 1983, that if custody of Chad was changed, support be increased for the twins. A hearing was held on May 31, 1983, and on June 9, the decree was modified, changing custody of Chad to the petitioner and requiring the petitioner to pay $125 per month per child for the twins. The respondent was not required to pay any support for Chad.

On September 15, 1983, petitioner filed an application to modify, due to respondent's moving to Lincoln and allegedly earning a higher salary. The petitioner requested that the child support he was paying be reduced and that the respondent pay child support for Chad. Petitioner alleged increased costs would be incurred for future visitations with the twins. On September 19, 1983, respondent filed an application to set forth certain visitation rights, to reimburse respondent for medical insurance claims received but not remitted to medical creditors, and for other matters not affecting custody or support of the children.

On January 11, 1984, a stipulation was entered by the parties that child custody, support, and visitation should remain as ordered by the court, and settling other matters. An order was entered on the same date ordering the parties to perform as agreed.

On October 7, 1985, the respondent filed an application to modify, alleging a substantial change of circumstances and requesting an increase in support for the twins.

On November 7, 1985, the petitioner filed an application to modify, requesting 3 months' visitation with the twins with the requirement that the respondent furnish transportation.

A second application to modify was filed by the petitioner on May 30, 1986, requesting that respondent pay support for Chad and requesting a decrease of the support for the twins during the 3 months' visitation, if granted.

The matter came on for trial on September 2, 1986.

The evidence adduced at trial showed that at the time of the 1983 hearing, the respondent's take-home pay was approximately $800 per month, and at the time of the hearing in 1986, it was approximately $900.

At the time of the 1986 hearing, petitioner testified that his

take-home pay was about $1,900 and that this was down somewhat from 1983.

Respondent's testimony centered on increased living costs and the depletion of funds she had received by inheritance. The district court made a journal entry on October 6, 1986, denying respondent's application to increase support and denying petitioner's application to require respondent to pay support for Chad and to reduce support for the twins. The petitioner's application to modify was granted in part, granting 1 month's visitation with the twins and requiring the parties to split the transportation costs of petitioner's visitation with the twins.

Respondent filed this appeal.

Modification of child support is an issue entrusted to the discretion of the trial court. *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987). Our review of such issues is de novo on the record, but absent abuse of discretion by the trial court, its decision will be affirmed on appeal. *Id.*

Modification of an award of child support is not justified unless the applicant proves that a material change of circumstances has occurred since the entry of the decree or a previous modification. *Dobbins v. Dobbins, supra.*

After review of the record, we are of the opinion that the evidence is not sufficient to warrant modification of child support. Respondent failed to prove that a material change of circumstances had taken place that warranted an increased award.

We further note that the petitioner filed an application on September 15, 1983, alleging increased costs for future visitations of the twins and that a stipulation was entered that did not provide for increased costs of visitation. An order was entered approving the stipulation.

By the same standard, no material change of circumstances was shown to justify the requirement that respondent split the transportation costs, and this change should not have been ordered by the district court. We modify the journal entry by the district court by deleting that portion requiring respondent to split transportation costs.

Respondent is allowed $500 for the services of her attorney in this court.

We affirm as modified.

AFFIRMED AS MODIFIED.