MARY K. SANCHEZ, APPELLANT, V. LOUIS B. SANCHEZ, APPELLEE.

439 N.W.2d 82

Filed April 27, 1989.   No. 87-796.

Maureen A. Doerner for appellant.

Louis B. Sanchez, pro se.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and NORTON, D.J., and RONIN, D.J., Retired.

PER CURIAM.

Mary K. Sanchez appeals from a decree of the district court reducing the amount of child support on the application of the appellee, Louis B. Sanchez, to modify the original decree of dissolution of marriage between the parties entered in August 1981.

The original decree awarded the custody of the three minor children of the parties to the appellant and ordered the appellee to pay the sum of $260 per month for the support of each child. After a hearing, the trial court reduced the child support award to $153 per month for each child.

The standard of review by this court in a modification of child support in a divorce action is de novo on the record, and the decision of the trial court will be affirmed in the absence of an abuse of discretion. *Wilson v. Wilson*, 224 Neb. 589, 399 N.W.2d 802 (1987); *Wagner v. Wagner*, 224 Neb. 155, 396 N.W.2d 282 (1986).

A party seeking modification of child support payments in a dissolution action has the burden of showing not only a change in circumstances, but also that such change is a material or substantial change, and not within the contemplation of the parties at the time the decree was entered. *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985); *Ohler v. Ohler*, 220 Neb. 272, 369 N.W.2d 615 (1985); *Grothendick v. Grothendick*, 175 Neb. 726, 123 N.W.2d 646 (1963).

The appellee alleges that the material changes in circumstances from the original decree entered in August 1981

to the time of his application for reduction of child support were that he was unable to financially support himself and pay $780 per month as child support based upon his income, that his living expenses have increased, and that his wife was presently employed.

We find from the record that the evidence is undisputed that the appellee had continuous employment with the Douglas County correctional facility and has received a promotion in his position and that both his earning capacity and income have increased.

We also find that the appellant was employed at the time of the original decree and that she sustained personal injuries in an automobile accident in April 1982, and was necessarily unemployed until September 15, 1986, when she was able to resume part-time work at approximately half the income she was receiving at the time of the decree.

Our court has held, in *Tworek v. Tworek*, 218 Neb. 808, 359 N.W.2d 764 (1984), that an application to modify a decree to reduce child support is not a retrial of the original case or a review of the equities of the original decree.

Upon de novo review of this case, we find that the appellee failed to sustain his burden of proof that a material or substantial change in circumstances had occurred since the entry of the original decree, and that the trial judge abused his discretion in reducing the amount of the child support.

The appellant's cross-petition requests an accounting of the amount of child support paid by the appellee and that a determination be made of the amount of arrearages. The evidence adduced indicated that the appellee had made child support payments and payments for various other items directly to the appellant. The trial court, in its nunc pro tunc order of August 14, 1987, found that the amount of child support arrearage was the sum of $2,485 as of July 31, 1987, and that $654.39 had been paid by the appellant on behalf of the appellee, which was also made a judgment against the appellee.

The order of the trial court reducing the amount of the child support is reversed and the appellee's petition to modify the original decree is dismissed. The order of the trial court finding the amount of arrearage to be the sum of $2,485 as of July 31,

1987, and the credit given the appellant for the payment of the $654.39 on behalf of the appellee are correct. The findings of the trial court as to the appellant's cross-petition are affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND DISMISSED.