HOWARD L. SCHMITT, APPELLANT, V. PEGGY JO SCHMITT, APPELLEE.

477 N.W.2d 563

Filed December 6, 1991.   No. 89-722.

Vince Dowding, Arend R. Baack, and, on brief, Cathleen H. Snell, of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellant.

Kay E. Tracy, of The Legal Professional Corporation of Howard E. Tracy, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Petitioner, Howard L. Schmitt, appeals from an order of the Hall County District Court increasing his child support payments. On appeal he alleges the district court erred in "finding that there had been a material or substantial change of circumstances since the original Decree was entered."

The marriage between petitioner and the respondent-appellee, Peggy Jo Schmitt, was dissolved on August 28, 1987. They have three children, born July 3, 1978, September 6, 1980, and May 15, 1984. Appellee wife agreed to a "Property Settlement Agreement." In part, the agreement provided that she received custody of the three children and that the appellant husband was responsible for support payments of $100 per month per child for the first 36 months and $150 per month per child thereafter. The property settlement agreement was approved by the court. There was no language in the decree indicating what the parties had considered in deciding on the amount of child support. The amount was less in the first 3

years to enable appellant to pay outstanding loans, including loans on his motor home. Other terms in the agreement provided for disposition of personal and real property of the parties. The agreement provided that neither party would pay alimony to the other.

Appellee was not present at the final hearing on August 19, 1987, nor was she represented by counsel. In 1985, the Nebraska Legislature authorized child support guidelines. The Nebraska Supreme Court adopted guidelines on September 10, 1987, to become operative on October 1, 1987. Appellee was not aware of the existence of the proposed guidelines at the time of the dissolution of her marriage. Whether appellant or his counsel knew of the proposed guidelines is not shown in the record. Appellee contends that the guidelines would suggest a total child support obligation for the appellant of approximately $880 per month.

Appellant's take-home pay has not increased since the original decree was entered, but his employer has covered the increased costs of appellant's health insurance, which coverage remains the same. Appellant sold the motor home awarded to him and used the proceeds to pay off loans and to buy a van, on which he is now making payments similar to those made on the motor home. Appellee's salary has increased. Appellant's living expenses have not changed substantially, but appellee testified that the children's expenses have increased to approximately $285 per month, including $150 in child care and $50 in increased utility bills. Appellant has voluntarily paid some of the children's increased expenses.

Appellee sought modification of the child support order because of a change in circumstances. The appellee alleged, inter alia, that the child support guidelines enactment, in itself, after the decree was entered herein constituted a change of circumstances sufficient to justify consideration of a request to modify the support. We agree with that position.

Appellee asked that the Supreme Court guidelines be used in determining the amount of support. A hearing was held on appellee's motion on May 26, 1989. On June 1, 1989, the court ordered appellant to increase his child support payments to $250 per month per child, commencing July 1, 1989. The court

did not state the basis for its decision. Appellant timely appealed.

The standard of review for modification of a child support order is de novo on the record, and the decision of the trial court will be affirmed absent an abuse of discretion. *Sanchez v. Sanchez*, 231 Neb. 963, 439 N.W.2d 82 (1989). When the evidence is conflicting in a child support modification hearing, this court may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. See, *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987); *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985).

The paramount concern in modification of child support is the best interests of the children. See *Wagner v. Wagner*, 224 Neb. 155, 396 N.W.2d 282 (1986). However, merely arguing that the original decree is not in the best interests of the children is not sufficient, as it would be if the action were a direct appeal from the original decree. See *Helgenberger v. Helgenberger*, 209 Neb. 184, 306 N.W.2d 867 (1981). This court does not treat an action to modify support as a retrial of the original case or a review of the equities of the original decree. See *Tworek v. Tworek*, 218 Neb. 808, 359 N.W.2d 764 (1984).

The party seeking to modify a child support order must show a material change in circumstances which occurred subsequent to the entry of the original decree and was not contemplated when the decree was first entered. See *Sanchez, supra.* In determining if a material change of circumstances has occurred, we have considered factors such as

> a change in the financial resources or ability to pay on the part of the parent obligated to pay support, needs of the child or children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent.

*Morisch v. Morisch*, 218 Neb. 412, 413, 355 N.W.2d 784, 786 (1984).

Appellant contends that the factors considered by the court in finding a change of circumstance are all "circumstances that the parties have some control over, unlike changes in the law."

Reply brief for appellant at 11. In *Babka v. Babka*, 234 Neb. 674, 452 N.W.2d 286 (1990), however, we held that a change in federal tax law constituted a material change of circumstances which would justify modification of a support order. In *Babka*, the parties agreed that the noncustodial parent would claim the children as dependents on his income tax returns, but this agreement was not made a part of the decree when they divorced in 1980. In 1984, Congress amended the tax code to give the deductions automatically to the custodial parent, unless the custodial parent signed a written waiver. In 1987, the custodial parent in *Babka* claimed the children as deductions on her returns, although she had signed the waivers in 1985 and 1986. The court ordered the custodial parent to sign the waiver, finding that the change in the tax law and the mother's refusal to sign the waiver constituted a material change of circumstances justifying the modification.

Even if a change is material, it will not justify modification unless it was not in the contemplation of the parties when the original decree was entered. "For instance, it obviously is in the contemplation of all of the parties in every case that the children involved will grow older and that their needs will therefore change. That fact, standing alone, is not sufficient to justify a modification . . . ." *Graber, supra* at 819, 374 N.W.2d at 10. The court has limited this language from *Graber* in subsequent decisions. In *Dobbins v. Dobbins, supra* at 468, 411 N.W.2d at 646, the court indicated that the above language from *Graber* was an overstatement and that "[t]he better view . . . is that 'evidence of the increased age of children alone will not furnish a satisfactory basis for modification of child support *unless* accompanied by competent evidence of the actual increase in the cost of maintaining the children.' " (Emphasis in original.) We held it was plain error for the trial court in *Dobbins* to refuse to allow evidence on the children's increased expenses due to increasing age.

Similarly, in *Wagner v. Wagner, supra*, we limited the requirement that anticipated changes had to be within the contemplation of the parties, by requiring that those anticipated changes be specifically noted on the record at the time of the original order.

In 1984, Congress required the states to develop guidelines for child support awards. See 42 U.S.C. § 667 (Supp. V 1987). Noncompliance resulted in the loss of federal funds for various programs. Nebraska complied with the federal requirements with the passage of Neb. Rev. Stat. § 42-364.16 (Reissue 1988), which required the Nebraska Supreme Court to create guidelines that would serve as a rebuttable presumption in setting child support. As stated above, the court created the guidelines, which became operative October 1, 1987.

Since that time, federal and state statutes have been passed which, when implemented, may result in a statutory approach to solving the problem of proposed modifications of child support payments. This statutory approach may well render the concept of "material change of circumstances" of much less concern.

In 1988, amendments to the Social Security Act were adopted by the U.S. Congress. These amendments generally provide that the child support guidelines be updated every 4 years and that the states implement procedures to ensure the updating. See 42 U.S.C. §§ 666(a)(10)(A) and 667(a) (1988).

In response to the federal mandate, the Legislature of Nebraska passed 1991 Neb. Laws, L.B. 715, effective September 6, 1991. That law provides, in part, that the Supreme Court of Nebraska shall provide, by rule, for modification of child support payments.

Child support modifications in the future, then, may well be controlled by statutes and rules. That leaves for disposition in this case modification of child support payments ordered before the child support guidelines became operative. We hold, as stated above, that the adoption of the Nebraska Child Support Guidelines effective October 1, 1987, constituted a material change of circumstances sufficient to justify consideration of proposed modification of child support orders entered before that date.

The primary interest in determining the level of child support payments is the best interests of the children. It cannot be said that the best interests of children are served if three children whose parents divorced before October 1, 1987, are to live on child support payments at one level, while three children of the

same age whose parents in a comparable financial situation were divorced after October 1, 1987, receive a substantially higher level of support.

Other jurisdictions have determined that the adoption of the guidelines is a material change of circumstances justifying a hearing on a possible modification. In those jurisdictions, the intent to treat the guidelines as a material change appears either in statutory language or in the guidelines themselves. See, *Wogoman v. Wogoman*, 44 Ohio App. 3d 34, 541 N.E.2d 128 (1989); *Charlesworth v. Child Support Enf. Div.*, 779 P.2d 792 (Alaska 1989); *Matter of Marriage of Edwards*, 804 S.W.2d 653 (Tex. App. 1991); *In re Marriage of Miller*, 790 P.2d 890 (Colo. App. 1990).

This decision will only affect decrees entered before the effective date of the child support guidelines in Nebraska. On the facts before us, the adoption of the child support guidelines constitutes a material change of circumstances in this case.

We have no evidence in the record, however, to show that the child support guidelines were applied in determining the amount ordered by the district court. If the guidelines constitute a material change of circumstances, the guidelines must be used to determine the new support amount.

Appellee contends that "[t]he Guidelines indicate that Appellant's total child support obligation for the three . . . children should be approximately . . . $880.00 . . . per month . . . ." Brief for appellee at 6. There is nothing more in the record to show the application of the guidelines to the parties' situation. We remand with directions to calculate the amount of child support in accordance with the Nebraska Child Support Guidelines.

REMANDED WITH DIRECTIONS.