RONALD W. STOVER, APPELLEE, V. JACQUELINE SUE STOVER, APPELLANT.

482 N.W.2d 244

Filed April 3, 1992.   No. S-89-1146.

Frank Meares for appellant.

Charles I. Scudder for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Jacqueline Sue Stover appeals from the judgment dated July 18, 1989, of the district court for Douglas County which decreased the monthly child support payments by Ronald W. Stover, a decrease from $500 per month to $350 per month for the Stovers' two children. The court also ordered Ronald Stover to pay $60 per month to cover health and accident insurance for the two minor children and an additional $50 per month on a child support arrearage of $4,212.14.

## STANDARD OF REVIEW

In an appeal involving an action for dissolution of marriage, an appellate court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.

*Stuhr v. Stuhr,* ante p. 239, 243, 481 N.W.2d 212, 215 (1992).

Based on our de novo review, we find no abuse of discretion by the district court, except for the amount of the decreased monthly child support ordered by the court. Although the district court awarded child support in the total of $350 per month for the two Stover children, we conclude that the Nebraska Child Support Guidelines, applied on the basis of the financial information in the record, require a child support order of $310 per month, that is, $155 per month per child, rather than the $175 per month per child ordered by the district court. See *Schmitt v. Schmitt,* 239 Neb. 632, 477 N.W.2d 563 (1991). Therefore, we affirm the district court's judgment, subject to the modification that Ronald Stover shall pay $155 per month per child as support for Stovers' minor children during the periods specified by the district court in its judgment entered July 18, 1989.

Although we have considered the matter of an attorney fee regarding counsel's representation in this court, we decline to order any attorney fee concerning the proceedings in this court.

AFFIRMED AS MODIFIED.