JANELL M. CZAPLEWSKI, APPELLANT, V. STEVEN L. CZAPLEWSKI, APPELLEE.

483 N.W.2d 751

Filed May 8, 1992.   No. S-89-831.

John S. Mingus, of Mingus & Mingus, for appellant.

James D. Smith, of Brock, Seiler & Smith, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

In an action for the modification of child support for the parties' two children, the court increased appellee father's child support obligation from $150 to $270 per month. The court further ordered that the amount be reduced to $190 per month when the eldest child became of age or upon further order of the court.

## FACTS

Appellant mother, Janell M. Czaplewski, and appellee father, Steven L. Czaplewski, were divorced by a dissolution decree in July 1976, with the mother receiving custody of the couple's two minor children and with the father required to pay $150 per month in child support. In 1982, the obligation was increased to $120 per child, and again reduced to a flat $150 per month in November 1986. In December 1988 the mother again requested a child support modification when the father obtained a new job with the U.S. Postal Service. The fact that the father's child support obligation should be increased was not contested, and on June 16, 1989, the court did modify the obligation, increasing the amount to $270 per month.

The mother nevertheless appeals to this court, contending that the trial judge ought not have considered the fact that Mr. Czaplewski now has another child from a subsequent marriage to support.

## DISCUSSION

The standard of review on matters of child support modifications is de novo on the record, but the trial court's decision will be affirmed absent an abuse of discretion. *Empfield v. Empfield*, 229 Neb. 83, 425 N.W.2d 334 (1988).

Modification of an award of child support is not justified unless the applicant proves that a material change in circumstances has occurred since the entry of the decree or a previous modification. *Empfield v. Empfield, supra*; *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987).

As we noted in *Brandt v. Brandt*, 227 Neb. 325, 417 N.W.2d 339 (1988), a trial judge does not satisfy his duty to equitably determine child support by blindly following suggested guidelines. The Nebraska Child Support Guidelines are, by their very nature, simply guidelines. While we have required since 1987, *Fooks v. Fooks*, 226 Neb. 525, 412 N.W.2d 469 (1987), that the Nebraska Child Support Guidelines be utilized, the reality is that the guidelines are applied as a rebuttable presumption to both temporary and permanent support. See Neb. Rev. Stat. § 42-364.16 (Reissue 1988). The court may deviate from the guidelines where one or both parties have provided sufficient evidence to rebut the presumption that the guidelines should be applied. Thus, the guidelines offer flexibility and guidance, with the understanding that not every child support scenario will fit neatly into the calculation structure.

Line 2(f) of the guideline's worksheet 1, the basic net income and support calculation, provides as a deduction that amount in "[c]hild support previously ordered for children not of this marriage." In keeping with the spirit of the guidelines, the trial court was correct in factoring into the child support calculations the father's offspring of his subsequent marriage. Therefore, the calculations are correct and shall stand.

The order of the trial court is affirmed.

AFFIRMED.