WENDI KYLE LODDEN, APPELLEE, V. TERRY JOE LODDEN, APPELLANT.

497 N.W.2d 59

Filed March 19, 1993.   No. S-90-897.

Tom F. Wilson for appellant.

Robert I. Blevens, of Blevens & Jacobs, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., MERRITT, D.J., and COLWELL, D.J., Retired.

PER CURIAM.

In 1990, Wendi Kyle Lodden (wife) requested, on the grounds that there had been a material change in circumstances, and later received, a modification of a 1980 marital dissolution decree for child support for a daughter born of wife's marriage to Terry Joe Lodden (husband).

Under the 1980 decree, wife was awarded custody of the daughter, then 1 year old, and husband was ordered to pay child support in the amount of $200 per month.

On March 9, 1990, wife filed a petition for modification of the decree, seeking an increase in child support. She alleged that a change in circumstances had occurred after the 1980 decree, resulting in an increase in the cost of care, education, maintenance, and support of the daughter. Wife further alleged a change in circumstances by virtue of the economic status of the parties and the adoption of the Nebraska Child Support Guidelines.

At trial, wife testified that she was employed and earned approximately $20,000 per year. She also testified that increased expenses related to raising the daughter included the cost of music and dance lessons, food, clothing, and prescription drugs. Husband testified that he was employed and earned approximately $33,000 per year. He also testified that he paid all of his daughter's medical expenses that were submitted to him and that he had remarried and had adopted his present wife's 10-year-old son. His present wife works as a registered nurse and earns approximately $26,000 per year. Husband offered two child support calculations, one showing the net income and support calculations between him and his former wife, and the second showing calculations regarding him and his present wife for the support of their 10-year-old son.

After considering the evidence, the court found that there had been material changes in the circumstances of the parties and modified the decree to require husband to pay child

support in the amount of $300 per month.

Husband alleges that the district court erred (1) in finding that there had been a material change in the circumstances of the parties when wife failed to present evidence regarding the circumstances of the parties at the time of the 1980 decree or to substantiate the alleged changes in circumstances, and (2) in failing to consider husband's obligation to provide support for the child of his second marriage in determining the proper amount of support under the Nebraska Child Support Guidelines.

> "The standard of review for modification of a child support order is de novo on the record, and the decision of the trial court will be affirmed absent an abuse of discretion. *Sanchez v. Sanchez*, 231 Neb. 963, 439 N.W.2d 82 (1989). When the evidence is conflicting in a child support modification hearing, this court may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. See, *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987); *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985)."

*Lauenstein v. Lauenstein*, 241 Neb. 521, 522, 489 N.W.2d 828 (1992) (quoting *Schmitt v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991)).

"The paramount concern and question in determining child support, whether in the initial marital dissolution action or in proceedings for modification of a decree, is the best interests of the child." *Schulze v. Schulze*, 238 Neb. 81, 85, 469 N.W.2d 139, 142 (1991) (citing *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987); *Wagner v. Wagner*, 224 Neb. 155, 396 N.W.2d 282 (1986)).

"Modification of child support is an issue entrusted to the discretion of the trial court." *Dobbins v. Dobbins*, 226 Neb. at 467, 411 N.W.2d at 645. Accord *Wilson v. Wilson*, 224 Neb. 589, 399 N.W.2d 802 (1987). "A proceeding to modify a judgment for child support is not a retrial of the original case or a review of the equities of the original decree." *Tworek v. Tworek*, 218 Neb. 808, 809, 359 N.W.2d 764, 765 (1984). Accord *Wagner v. Wagner, supra*. "Modification of an award

of child support is not justified unless the applicant proves that a material change in circumstances has occurred since entry of the decree or a previous modification." *Dobbins v. Dobbins*, 226 Neb. at 467, 411 N.W.2d at 645. Accord *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985).

In *Morisch v. Morisch*, 218 Neb. 412, 413, 355 N.W.2d 784, 785-86 (1984), this court established the rule that

"[m]aterial change in circumstances" in reference to modification of child support is analogous to modification of alimony for "good cause." See Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982); cf. *Chamberlin v. Chamberlin*, 206 Neb. 808, 814, 295 N.W.2d 391, 395 (1980) (modification of alimony on account of a "change of circumstances of a material and substantial nature"). "Material change in circumstances" eludes precise and concise definition. Courts may consider various factors to determine if a material change in circumstances has occurred. Among some of the factors or circumstances considered by a court are a change in the financial resources or ability to pay on the part of the parent obligated to pay support, needs of the child or children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent. See 24 Am. Jur. 2d *Divorce and Separation* §§ 1082-1088 (1983). Alteration and passage from one condition to another is essential for a material change in circumstances.

Accord, *Schulze v. Schulze, supra*; *Wilson v. Wilson, supra*; *Graber v. Graber, supra*.

However, this court has also held that

if the changes are of the type that necessarily were in the contemplation of the parties at the time the decree was entered, even though material, such changes do not, of themselves, justify a modification. For instance, it obviously is in the contemplation of all of the parties in every case that the children involved will grow older and that their needs will therefore change. That fact, standing alone, is not sufficient to justify a modification of a decree

of dissolution.

*Graber v. Graber*, 220 Neb. at 819, 374 N.W.2d at 10.

In *Wagner*, this court limited *Graber*, stating that the anticipated changes must have been specifically noted on the record at the time the decree was entered. See, also, *Schmitt v. Schmitt, supra.* This court further held that "evidence of the increased age of children alone will not furnish a satisfactory basis for a modification of child support unless accompanied by competent evidence of the actual increase in the cost of maintaining the children." *Wagner v. Wagner*, 224 Neb. at 157, 396 N.W.2d at 283. Accord *Dobbins v. Dobbins, supra.* In the instant case, wife testified regarding the increased costs of raising the daughter, thereby meeting the requirements of *Wagner.*

Even if we were to accept husband's argument that the evidence is insufficient to show a change in circumstances for the parties after the 1980 decree or to substantiate the alleged changes in circumstances, husband's argument that the adoption of the Nebraska Child Support Guidelines is not a material change in circumstances justifying a modification of child support is without merit. In *Schmitt v. Schmitt*, 239 Neb. 632, 637, 477 N.W.2d 563, 566 (1991), this court held that adoption of the Nebraska Child Support Guidelines, effective October 1, 1987, does constitute "a material change of circumstances sufficient to justify consideration of proposed modification of child support orders entered before that date." Accord, *Lauenstein v. Lauenstein*, 241 Neb. 521, 489 N.W.2d 828 (1992); *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991).

However, it should be noted that "[i]f the guidelines constitute a material change of circumstances, the guidelines must be used to determine the new support amount." *Schmitt v. Schmitt*, 239 Neb. at 638, 477 N.W.2d at 566. In the present case, child support calculations pursuant to the Supreme Court rules, based on the parties' 1989 income tax returns, were submitted by husband. In addition, husband offered calculations relating to the support of the son of his present wife. Based on these calculations, and assuming that he was entitled to take a deduction for the support of his present wife's son,

husband asserts that his monthly support obligation should be $258 per month.

After the district court's decision in Loddens' case, the Nebraska Child Support Guidelines were amended, so that rather than providing a deduction for "[c]hild support paid for children not of this marriage," they allow a deduction only for "[c]hild support previously ordered for children not of this marriage." Nebraska Child Support Guidelines, worksheet 1, 2(f). Therefore, absent evidence sufficient to rebut the presumption established by the guidelines, the mere fact that husband contributes to the support of his subsequently adopted son will not affect his support obligation with respect to the child of his previous marriage to wife. If we deduct the amount which husband included for support of his son, husband's monthly share of support equals $299.62. The district court ordered husband to pay $300 per month. Thus, although it is not specifically noted in the record, it does appear that the district court applied the guidelines in determining the increase in child support. Moreover, in our de novo review, we can and should apply the child support guidelines when sufficient information is available. See, *Stover v. Stover*, 240 Neb. 391, 482 N.W.2d 244 (1992); *Lauenstein v. Lauenstein, supra.*

Although *Czaplewski v. Czaplewski*, 240 Neb. 629, 483 N.W.2d 751 (1992), might appear to contradict our holding in this case, Loddens' case is readily distinguishable. The decision of a trial court with respect to a modification of child support will be affirmed absent an abuse of discretion. In *Czaplewski*, we held that the trial court did not err when it considered evidence of the father's duty to support the offspring of a subsequent marriage because the child support guidelines are merely a rebuttable presumption, not rules which must be blindly followed regardless of the circumstances of the parties.

In the case at bar, we are faced with the opposite situation: The trial court refused to consider the father's duty to support the son of his subsequent marriage. We are asked to find that this was an abuse of discretion. The guidelines specifically provide for a deduction of the amount of "[c]hild support previously ordered for children not of this marriage." They do not provide for an automatic deduction for the support of

children of subsequent marriages. Although a trial court may consider the individual circumstances of the parent ordered to pay support, it is not required to consider the parent's duty to support subsequent children. In the present case, unlike *Czaplewski*, no evidence was offered at trial which tended to show that the increase in child support for the daughter would create a hardship for husband's new family. Furthermore, under husband's calculations, he would provide more support for the son of his present wife than he would provide for the daughter of his former marriage.

Because we find no abuse of discretion by the trial court, the trial court's judgment, modifying Loddens' 1980 decree, is affirmed.

AFFIRMED.

MERRITT, D.J., concurring.

I concur with the result reached by the majority; however, I am troubled by the manner in which it has attempted to distinguish *Czaplewski v. Czaplewski*, 240 Neb. 629, 483 N.W.2d 751 (1992).

It is true that in *Czaplewski*, the trial court *elected* to consider evidence of the father's duty to support a child from a subsequent marriage, while, in this case, the trial court elected *not* to consider evidence of the father's duty to support a child from a subsequent marriage. The respective trial courts, for whatever reason(s), approached the issue of duty to support children of a subsequent marriage differently. The majority, however, has not addressed the following language found in *Czaplewski*: "In keeping with the spirit of the guidelines, the trial court was correct in factoring into the child support calculations the father's offspring of his subsequent marriage. Therefore, the calculations are correct and shall stand." *Id.* at 631, 483 N.W.2d at 752.

If it was not an abuse of discretion to correctly follow the "spirit of the guidelines" in *Czaplewski*, then, conversely, it must be an abuse of discretion not to correctly follow that spirit in this case. In its holding today, the majority says this is not so. Although the facts of *Czaplewski* and the instant case may be readily distinguishable, the majority's decision in this case is

inconsistent with its holding in *Czaplewski*. Notwithstanding the majority's assertion, *Czaplewski* does not reflect that evidence was offered at trial which tended to show that an additional increase in the amount of child support would create a hardship for the father's new family, nor does *Czaplewski* discuss the amount of the father's child support obligation for the children of his prior marriage vis-a-vis the amount he provided for the child of his subsequent marriage.

It seems to me that the only way to eliminate this inconsistency is to disapprove the preceding language from *Czaplewski* and determine that, in this case, as in *Czaplewski*, the trial court did not abuse its discretion.