WOGOMAN, APPELLEE, *v.*
WOGOMAN, APPELLANT.

(No. 88-CA-27—Decided March 29, 1989.)

*John A. Wannemacher,* for appellee Cathy Sue Wogoman.

*Jeffrey D. Slyman,* for appellant Ronald Lee Wogoman.

FAIN, J.   Defendant-appellant Ronald Lee Wogoman appeals from an order of the trial court increasing previously ordered child support from $30 per week per child to $70 per week per child. Mr. Wogoman contends that the mere fact that C.P. Sup. R. 75 was adopted after the entry of the decree of dissolution in this case, without any other significant changes in circumstances, is an insufficient basis for modification of the child support ordered in the decree. He also argues that the child support should not have been increased without a hearing.

We conclude that the mere fact that C.P. Sup. R. 75 was adopted after the dissolution decree, and that the child support called for by C.P. Sup. R. 75, based upon the affidavits of income and expenses submitted by the parties, would exceed the child support provided for in the existing order by more than ten percent, is a sufficient ground upon which to base a modification of child support. However, we agree with Mr. Wogoman that under such circumstances child support may not simply be entered in accordance with C.P. Sup. R. 75. Mr. Wogoman was entitled to a hearing at which modification of child support could be considered, which would include consideration of the guidelines set forth in C.P. Sup. R. 75, along with any other relevant factors presented by either party. Accordingly, the judgment of the trial court increasing the level of child support will be reversed, and this cause will be remanded for a hearing on Mrs. Wogoman's motion to increase child support.

I

The parties were married in 1972, and have two minor children. In 1986, the parties obtained a dissolution of their marriage. In the dissolution decree, Mrs. Wogoman was awarded custody of the children, and Mr. Wogoman was required to pay $30 per week per child for each of the two children. That decree was entered on May 12, 1986, before the effective date of C.P. Sup. R. 75 (October 1, 1987).

In 1988, Mrs. Wogoman moved for, and received, an increase in the level of child support from $30 per week per child to $70 per week per child. The trial court granted Mrs. Wogoman's motion without a hearing.

From the increase in the child support ordered, Mr. Wogoman appeals.

II

Mr. Wogoman's sole assignment of error is as follows:

"The trial court erred in concluding based on the evidence before it that a substantial change of circumstances had occurred that warranted a 233% modification of child support from thirty dollars ($30.00) per week per child to seventy dollars ($70.00) per week per child."

One issue we must decide is whether the fact that the level of child support called for by the application of C.P. Sup. R. 75 greatly exceeds the level of child support provided for in a dissolution decree entered prior to the adoption of C.P. Sup. R. 75, without any other change in circumstances, is sufficient to justify an increase in child support.

This court has had an opportunity to address this issue in two recent cases. In *Brandt* v. *Brandt* (Mar. 1, 1988), Clark App. No. 2383, unreported, the present author was also the author of that opinion. We held in that case that the mere fact that the application of C.P. Sup. R. 75 to the relevant facts in that case would call for child support in an amount greater than one hundred ten percent of the level of child support in a decree entered prior to the adoption of C.P. Sup. R. 75, without more, would not be sufficent to require a trial court to consider modification of a child support order. A major concern leading us to that conclusion, which is reflected in that opinion, is that a contrary holding would seem to require that a provision in a decree entered *after* the adoption of C.P. Sup. R. 75 that properly departs by more than ten percent from the guideline figure called for by the rule would be immediately subject to reconsideration as being at variance from the guideline amount in excess of ten percent, even though there were no intervening changes in circumstances. We considered that to be an undesirable result.

More recently, this court had occasion to consider this question in *Carpenter* v. *Finch* (Apr. 21, 1988), Clark App. No. 2404, unreported. Although the opinion of the court in *Carpenter* did not address this issue, Judge Wilson, in a concurring opinion, stated his conclusion that C.P. Sup. R. 75 should be construed to mandate a finding of a substantial change of circumstances whenever the support calculated in accordance with that rule exceeds the support in the existing order by more than ten percent. *Carpenter* also involved the modification of a support order that had been entered *before* the adoption of C.P. Sup. R. 75. Although Judge Wilson's conclusion was expressed in a concurring opinion,

Judge Brogan, also of this court, concurred in Judge Wilson's opinion. Thus, two of the three members of the panel of this court that decided *Carpenter* v. *Finch, supra,* held that the mere fact that the level of child support called for by the application of C.P. Sup. R. 75 would exceed by more than ten percent the amount of child support provided for in an order entered before the adoption of C.P. Sup. R. 75, without any other change in circumstances, would require a finding that there had been a substantial change in circumstances, so as to require consideration of a motion to modify the child support order.

The issue is obviously not free from difficulty. We conclude that the holding expressed in the opinions of two of the three members of the panel deciding *Carpenter* v. *Finch, supra,* should be treated as a holding of this court. Even though that holding was not expressed in the opinion of Judge Kerns written for this court, that holding was not inconsistent with Judge Kerns' opinion; and, since it provided the basis for the votes of two of the three judges of this court concurring in that opinion, we will treat it as a holding of this court. The issue is sufficiently close that we conclude that, having decided the issue, this court should be consistent until such time as, there has been a further change in the law as a result of an action by a higher authority.

It does seem anomalous that children who are the subject of child support orders entered prior to the adoption of C.P. Sup. R. 75 may have their level of support computed at one level, while children who are the subject of child support orders entered subsequently to the adoption of C.P. Sup. R. 75 may have their support calculated at a much higher level, as a result of the application of the guidelines as contained in the rule, when those children are otherwise similarly situated.

Furthermore, the problem that was troubling this author at the time of *Brandt, supra,* can be resolved without requiring a contrary result. We may still conclude, once we have a case involving an attempt to modify the level of child support provided in an order entered *after* the adoption of C.P. Sup. R. 75, which properly provides for support at a level greater than one hundred ten percent of the amount called for by the rule (or, for that matter, which properly provides for support in an amount less than ninety percent of the amount of support called for by the rule), that there must be some other change in circumstances of sufficient magnitude to require reconsideration of child support at a modification hearing. Otherwise, a child support order properly entered in an amount either greater than one hundred ten percent or less than ninety percent of the guideline amount would be immediately subject to a modification hearing, simply because it varied by more than ten percent from the guideline amount, even though there were good reasons for the variance, based on the facts of the case, although nothing had changed.

Mr. Wogoman also argues that there should have been an evidentiary hearing on Mrs. Wogoman's motion to modify. We agree. The fact that application of the guidelines contained in C.P. Sup. R. 75 to the parties' affidavits of income and expenses resulted in a variance of more than ten percent from the existing level of child support was merely sufficient to require a redetermination of child support.

In the preamble to C.P. Sup. R. 75 (as amended effective October 1, 1988), it is stated that:

"The Guidelines are designed for proper application to a broad range of cases and shall be used as a starting point and considered in conjunction with the appropriate statutory provisions for the establishment or modification of child support irrespective of the form of the action in which the issue arises. In cases where the award deviates from the Guidelines, the Court shall provide a brief statement to substantiate the deviation." See 39 Ohio St. 3d xlv, at xlvi.

The guidelines set forth in C.P. Sup. R. 75 are just that — guidelines; they are not intended to supplant the requirement in R.C. 3109.05 that courts must consider all relevant factors in determining the amount reasonable or necessary for child support, including the factors expressly stated in the statute. Consideration of the statutory and "all relevant" factors cannot be accomplished in a vacuum. It is essential that there be a hearing at which the parties are free to present evidence with respect to the relevant factors, including the statutory factors, concerning the amount of reasonable or necessary child support. At that hearing, the parties may also present evidence either to substantiate or to rebut their respective affidavits of income and expenses.

There is nothing in the record to indicate that Mr. Wogoman ever waived his right to a hearing on the issue of modification of child support. Accordingly, Mr. Wogoman's assignment of error is sustained to the limited extent that we hold that the trial court erred in not affording Mr. Wogoman a hearing upon Mrs. Wogoman's motion to modify child support.

### III

Mr. Wogoman's sole assignment of error having been sustained in part, the judgment of the trial court will be reversed, and this cause will be remanded for a hearing upon Mrs. Wogoman's motion to increase child support.

*Judgment reversed*
*and cause remanded.*

WILSON and GRADY, JJ., concur.