In my view, it is dangerous to predicate reversible error upon a trial court's failure to have met a prescription for a model, or ideal, hearing procedure. The purpose of appellate review is to ensure that litigants receive fair trials, not perfect ones. For that reason, I would have dissented in State v. Marshall (November 16, 2001). See State v. Weaver
(July 13, 2001), Montgomery App. No. 18532, unreported.
The panel in State v. Marshall, supra, evidently found good reason not to follow this court's decision in State v. Weaver, supra. The resulting situation is similar to the situation prevailing in Wogoman v. Wogoman
(1989), 44 Ohio App.3d 34, wherein the same issue was presented for the third time within the span of less than a year. The author of the opinion in Wogoman had authored the first opinion of this court going one way, but a later panel had decided the issue the other way. In Wogoman, we held that it was the latest decision of this court that was entitled to deference, even if it, like the earlier decision, was unreported. We deferred to the second decision.
In keeping with my opinion in Wogoman, I will adhere to State v.Marshall, supra, as the latest opinion of this court on this subject, even though I profoundly disagree with the view expressed therein that "model" or "ideal" procedures are mandatory rather than aspirational, so that the failure to comply with a model or ideal procedure constitutes reversible error.